JAMES A. GUEST V. W. B. RAMSEY *et al.*

1. ATTACHMENT — *Discharge* — *Practice.*   The defendant may, at any
   time before judgment, upon reasonable notice to the plaintiff, move
   to discharge an attachment as to the whole or a part of the property
   attached.

2. DISSOLUTION, *Not Reversed.*   Where the trial court has, on motion
   and oral testimony, discharged an attachment, and the evidence is
   conflicting, this court will not reverse the judgment of the trial
   court on the ground that the evidence sustains the attachment.

*Error from Barber District Court.*

ACTION by *Guest* against *Ramsey* and two others to re-
cover a part of the purchase price of a piano.   The plaintiff
brings here for review an order dissolving an attachment.
The facts are stated in the opinion, filed March 11, 1893.

*Martin & McNeal,* for plaintiff in error.

*W. W. S. Snoddy,* for defendant in error Frances A. Shel-
don.

Opinion by STRANG, C.: The plaintiff alleges that on the
16th day of September, 1887, through his agent, one S.
Palmer, at Medicine Lodge, Kas., he sold to D. E. Sheldon
and his wife a piano; that he received from them an organ,
valued at $60, and $40 cash, as part payment therefor, leav-
ing a balance of $200, for which he was to have the notes of
said Sheldon and wife, payable $25 each quarter, until the
whole amount was paid; that he delivered to the Sheldons, at
their house in Medicine Lodge, the piano, and received the
organ and the $40 in cash, but did not then have the notes
prepared; that soon afterward he prepared the notes and
called on Sheldon·to have them signed, when Sheldon in-
formed him that he wanted to make his wife a present of the
piano, and therefore did not want her to sign the notes, but
would give notes signed by the firm of which he was a mem-
ber.   To that proposition, Palmer replied that he could not

do that without the consent of the plaintiff; that he would take such notes, refer them to the plaintiff, with explanation, and, if satisfactory to him, all right; otherwise he would require Frances Sheldon to sign them. The notes were sent to the plaintiff, and he refused to accept them, and they were returned to Palmer, to be signed by Frances Sheldon. When presented to her she refused to sign the notes, but said she would pay them, and refused to surrender the piano. The defendants claim that the piano was sold to the firm of Ramsey & Sheldon; that the firm of Ramsey & Sheldon had in their possession and using a considerable sum of money belonging to Frances Sheldon; that she wanted a piano, and they purchased the one in question of Palmer, the plaintiff's agent, and sold it to her.

This action was brought to recover the balance due and unpaid, $175, and interest. An attachment was issued in the case, which was levied upon some town lots, the title to which was in Frances Sheldon. The affidavit for the attachment alleged, among other things, that the debt was fraudulently contracted. The petition was challenged by demurrer, which was overruled. A motion to dissolve the attachment was then heard, and sustained. From the order dissolving the attachment the plaintiff brings the case here for review.

The first reason assigned for the reversal of this case is the alleged action of the court in taking up the motion to dissolve the attachment in the case at chambers, and without reasonable notice to the plaintiff. An examination of the record shows, we think, that the motion to dissolve was heard in term time by the court, and not by the judge at chambers. When the motion was taken up the first recital in the record shows that the "petition in this case was read to the court." And the journal entry recites that: "Now on the 2d day of January, 1890, the same being during the November term, 1889, of this court, the motion of the defendant, Frances A. Sheldon, verified by affidavit, heretofore filed by the said defendant herein, to dissolve and discharge the attachment in this action, and to discharge the property of the said defend-

ant, Frances A. Sheldon, attached herein and held under the order of attachment, is taken up and submitted to the court for trial." The motion having been heard by the court, the objection that it was taken up by the judge at chambers without reasonable notice falls.

The second assignment of error complained of is, that the court required the plaintiff to introduce evidence to sustain his attachment when there had been no affidavit filed by the defendant traversing the grounds of the attachment as set forth in the plaintiff's affidavit. The objection made, as shown by the record, is limited to a consideration of the motion by the court, because no such affidavit had been filed. The defendant had a right to have the motion taken up and considered by the court without such affidavit, on a simple denial of the grounds for the attachment laid in the attachment affidavit. On the hearing of the motion to dissolve an attachment, if the defendant desires to put the plaintiff upon proof to sustain his attachment by an affirmative showing, he can do so by denying the grounds for attachment as laid in the attachment affidavit under oath. The record does not show that the court required the plaintiff to assume the burden of proof on the hearing of the motion, nor does it show any objection on the part of the plaintiff to proceeding in that manner, and of course no exception to any ruling thereon. The plaintiff objected to the motion being taken up for hearing because there was no denial under oath, and when the court ruled against him on that point, he saved an exception, but immediately assumed, without objection, the burden of proof, by proceeding with his evidence in support of the grounds laid for his attachment.

The third contention of the plaintiff is, that the attachment was based on fraud, and upon the same fraud that the plaintiff's cause of action was founded—the fraudulent contraction of the debt—and that, therefore, the court erred in entertaining a motion to dissolve before the main action was tried and determined. This position was not well taken. The defendant may at any time before judgment, upon rea-

sonable notice to the plaintiff, move to discharge an attachment, as to the whole or a part of the property attached. (Gen. Stat. of 1889, ¶ 4323; *Quinlan v. Danford,* 28 Kas. 507.)

It is also alleged that the court erred in discharging the attachment, under the evidence in the case. The testimony was oral. It is decidedly conflicting. This court will not, therefore, undertake to weigh the evidence and say whether the trial court erred in its estimate thereof.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.