(April 5, 1895.)

MASON, EHRMAN & CO. v. LIEUALLEN.

[39 Pac. 1117.]

WRIT OF ATTACHMENT—HOW DISCHARGED.—Under the laws of Idaho the only grounds upon which an attachment can be discharged are that it was improperly or irregularly issued.

SAME—SUFFICIENCY OF AFFIDAVITS TO DISCHARGE.—Where the affidavits in support of a motion to discharge an attachment only go to the question as to whether the property levied upon is a homestead or not, they are insufficient to authorize the judge at chambers to dissolve the attachment.

HOMESTEAD CANNOT BE DETERMINED IN SUCH PROCEEDING.—It is not competent or proper practice to determine the homestead character of property in such a proceeding.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, and Cox, Cotton, Teal & Minor, for Appellants.

Sections 4319 and 4320 provide for the discharge of an attachment "on the ground that the same was improperly or irregularly issued." If personal property attached be claimed by a third person as his property, such claimant may get possession of his property by an action of replevin against the officer, but he cannot try the issue of the ownership of the property by a motion to discharge the attachment. (*Jones v. Carr,* 16 Ohio St. 425; *Capital Lumber Co. v. Hall,* 9 Or. 93; *Storms v. Eaton,* 5 Neb. 453; *Rowe v. Bowen,* 28 Ill. 116; *Pike v. Colvin,* 67 Ill. 227.) There is no reason that a different rule should apply to real property seized on legal pro-

cess. On the contrary, it has ever been held that the title to real property can be tried only by a court of superior or general jurisdiction. If the claimant of property must go into a court of law to establish his right of property unjustly attached as the property of another, should not the debtor in like manner be compelled to submit his claim of exemption to the same tribunal? (*Quigley v. McEvony,* 41 Neb. 73, 59 N. W. 767.) "We do not think it is competent or proper practice, where the writ is levied upon real estate belonging to the debtor, to allow the homestead character of the property to be drawn in question as one of the grounds for the motion to discharge the attachment. The hearing is upon affidavits more or less skillfully drawn, according to the ability or lack of the same, in this particular branch. (*Langdon v. Conklin,* 10 Ohio St. 439.)

HUSTON, J.—This is an appeal from an order of the judge of the second district, made at chambers, dissolving an attachment. On the fourth day of October, 1894, the plaintiffs commenced suit against the defendant, in the district court for Latah county, and caused an attachment to be issued, which was levied upon certain real estate of defendant in said county. On the 24th of October, 1894, defendant served upon plaintiffs' attorneys a notice of motion to dissolve the attachment, which motion was noticed to be heard before the judge of said district at chambers, on the twenty-ninth day of October, 1894. Said motion was heard by the judge of said district, at chambers, on the twenty-ninth day of October, 1894, and an order made and entered on that day dissolving the attachment. The hearing was had upon affidavit solely, and the order dissolving the attachment was dated October 1st. Why this impossible date was affixed to the order is not apparent. The only ground upon which a court or judge is authorized to discharge an attachment, under the statutes of Idaho, is that the writ has been "improperly or irregularly issued." (Idaho Rev. Stats., sec. 4321.) It does not appear that the writ in this case was either "improperly or irregularly issued," the sole contention being that the property upon which the writ was levied was exempt from levy. We have carefully examined every case cited by respondent, and find none of them in

point.  They are all cases involving the regularity of the is-
suance of the attachment.  These proceedings are statutory,
and, before a decision can be accepted as in point, it must be
made to appear that the question decided arose upon a statute
similar to our own.  In the case of *Windt v. Banniza,* 2 Wash.
147, 26 Pac. 189, cited by respondent, the motion to dissolve
the writ was based upon two grounds, as cited in the opinion
of the court: "1. That the affidavit in the said cause is insuffi-
cient upon its face; and 2. That the grounds for said attach-
ment alleged in said affidavit are not true."  The statute of
Washington is similar to our own.  The case of *Baer v. Otto,*
34 Ohio St. 11, arose upon an attachment issued by a justice
of the peace, and the questions involved were the authority
of the justice to hear and determine the motion to discharge
the writ, and whether the decision of the justice thereon was
reversible on error.  In *Hamilton v. Johnson,* 32 Neb. 730, 49
N. W. 703, the only question involved was the regularity of
the issuance of the attachment; the court deciding that the
record showed no grounds for its issuance.  In *Guest v. Ramsey,*
50 Kan. 709, 33 Pac. 17, the motion to dissolve attachment was
heard before the court and in term time.  The court says in
that case: "The motion having been heard by the court, the
objection that it was taken up by the judge at chambers with-
out reasonable notice falls."  It will be seen that none of these
cases involve the questions under consideration in the cause
at bar, and the same may be said of all the cases cited by
respondent.  In the case of *Quigley v. McEvony,* 41 Neb. 73,
59 N. W. 767, which is the only case cited where the questions
decided are similar to those involved in the case under con-
sideration, the court says: "We do not think it is competent
or proper practice, where the writ is levied upon real estate
belonging to the debtor, to allow the homestead character of
the property to be drawn in question as one of the grounds
for the motion to discharge the attachment.  The hearing is
upon affidavits more or less skillfully drawn, according to the
ability, or lack of the same, in this particular branch, of the
party who frames them, or his artistic skill, or want of it, in
the affidavit line.  We think it is unquestionable that the ques-
tion of whether the premises constitute a homestead should be

determined in proceedings instituted in the manner directed by our statutory law, and, if there is any disagreement, then the same can be determined in a proper action in court, in which issues can be regularly joined, and the matter tried in .the manner prescribed for the trial of issues of law and fact; and that the ends of justice will be better subserved by this. latter course of proceedings than by determination of the homestead question in the course of a hearing on a motion to discharge an attachment." With this conclusion we fully concur. The statutes of Nebraska do not, as do those of Idaho, limit the grounds upon which a motion to discharge an attachment may be based, to its irregular and improper issuance. There are various other questions suggested by the record and by the briefs of counsel, but, as this is decisive of the case, we do not deem it essential to consider them. The order of the district judge discharging the attachment. is reversed, and the cause remanded, with costs to appellants..

Morgan, C. J., and Sullivan, J., concur.