THE NORTHWESTERN WHEEL & FOUNDRY COM-
 PANY, APPELLANT, *v.* THE SALT LAKE CITY
 COPPER MANUFACTURING COMPANY, RE-
 SPONDENT.

1. ATTACHMENT. — MOTION TO VACATE. — NATURE OF ATTACHED-
 PROPERTY.—PRACTICE.—Plaintiff began an action for money
 due upon a contract and attached one Corliss engine and one
 Howe scale, and 24 ore cars as personal property on the
 premises of the defendant, and left the same in charge of a.
 keeper. On motion, the lower court discharged and vacated
 the attachment on the ground that the property attached was.
 part of the real estate belonging to the defendant, and not.
 subject to attachment as personal property. *Held, error,* in
 that questions of the character raised by the motion can only
 be tried in an action duly instituted where the parties by ap-
 propriate pleadings may tender issues of fact, and upon which.

a trial may be had, findings made, or verdict rendered, as the case may require.

2. CONTROL OF PROCESS.—AUTHORITY OF COURT.—RESPONSIBILITY.
—A court or judge has no authority to direct a sheriff or other ministerial officer how to make his levy or what property he should levy upon, for the reason that if such direction can be lawfully given no one would be responsible for a wrongful levy or a wrongful failure or refusal to levy.

(No. 592.  Decided June 17, 1895.  40 P. R. 702.)

APPEAL from the District Court of the Third Judicial District.  Hon. S. A. Merritt, *Judge.*

Action by the Northwestern Wheel & Foundry Company for money due on contract.  From an order vacating an attachment levy on certain personal property of the defendant, plaintiff appeals.  *Reversed.*

*Messrs. Loofbourow & Kahn,* for appellant.

2 Comp laws, 1888, § 3226, provides that a defendant whose property has been attached may apply to the court by motion "for the discharge of the writ of attachment on the ground that the same was improperly or irregularly issued." No such claim was made by defendant, and as counsel announces that their motion was made independent of any statutory provision and was based on the general principle that all courts had a right to control and direct the manner of execution of their process, we contend that a court has not a right to control its process of attachment to the extent of directing what property shall be levied on or how a levy shall be made.  If the officer refuses wrongfully he is liable to the plaintiff for the resulting damage.  If the officer makes a wrongful levy he is liable to the party injured.  In either event the legal remedy gives ample and full protection.  The writ of

attachment having been properly and regularly issued, the officer acquired a special property or title to property in the things levied on, and of which he cannot be deprived without due process of law. As to whether the property levied on was real estate or personal property, is a complicated question of law and fact which the court had no right to dispose of summarily by motion. Elliott's Gen. Pr. § 384; 1 Wade on Att. §§ 175–6, 228, 233; *Mason* v. *Lieuallen* (Idaho), 39 Pac. 1117. Granting that the court had jurisdiction to hear and determine in a summary way the matters of fact involved in the motion, still it was in error in holding that the chattels had become so attached to the freehold as to become part of the real estate. The ore cars were lying loose upon the premises piled one upon the other; the engine and scales had not been set in place nor in any way affixed to the freehold. They were clearly personal property.

In *Teaff* v. *Hewitt*, 1 Ohio St. 511, Bartley, C. J., in a most able and exhaustive opinion on the subject of fixtures says: "If there is anything well settled in the doctrine of fixtures, it is that to constitute a fixture it is an essential requisite that the article be actually affixed or annexed to the realty. * * * From the examination which I have been enabled to give to this subject, and after a careful review of the authorities, I have reached the conclusion that the united application of the following requisites will be found the safest criterion of a fixture. *First.* Actual annexation to the realty or something appurtenant thereto. *Second.* Appropriation to the use or purpose of that part of the realty with which it is connected. *Third.* The intention of the party making the annexation to make the article a permanent accession to the freehold—this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of

annexation, and the purpose or use for which the annexation has been made."

The following authorities are in point on this question, and, as we contend the rule beyond doubt that a chattel retains its character as a chattel until it is actually annexed to, or permanently devoted to the uses of the freehold. And the intention of the owner of the chattel to make it a fixture at some future time, which intention is not yet, and may never be, put into execution, cannot change the character of the property. Tyler on Fixtures, pp. 73, 100, 111, 122; Ewell on Fixt. pp. 290, s. s.; *Miller* v. *Wilson*, 71 Iowa, 610; *Potter* v. *Cromwell*, 40 N. Y. 287; *McRea* v. *Central Nat'l Bank*, 66 N. Y. 489; *Blancke* v. *Rogers*, 26 N. J. Eq. 563; *Penn. Mut. L. Ins. Co.* v. *Semple*, 38 N. J. Eq. 575; *Binkly* v. *Forkner*, 117 Ind. 176; *Gale* v. *Ward*, 14 Mass. 352; *Southbridge Savings Bank* v. *Mason*, 147 Mass. 500; *Roseville Min. Co.* v. *Iowa Min. Co.* 24 Pac. Rep. 920 (Col.); *Pennybacker* v. *McDougal*, 48 Cal. 160; *Pratt* v. *Whittier*, 58 Cal. 160; *Sturges* v. *Warren*, 11 Vt. 433; *Hill* v. *Wentworth*, 28 Vt. 429; *Swift* v. *Thompson*, 9 Conn. 63; *Capen* v. *Peckham*, 35 Conn. 88; *Dispatch Line* v. *Billamy*, 12 N. H. 205; *Burnside* v. *Hewell*, 43 N. H. 390; *Johnson* v. *Mehaffey*, 43 Pa. St. 308; see also, *Van Ness* v. *Pacard*, 2 Pet. U. S. 137.

*Messrs. Bennett, Marshall & Bradley*, for respondent.

The defendant moved to discharge the levy of the writ on two grounds: *First.* That the property levied on was a part of the real estate and not subject to levy and sale separate therefrom. *Second.* That if the property were personalty, the officer failing to take actual possession thereof and intruding on the real estate of defendant for a period of over three months was guilty of an abuse of

process and became a trespasser *ab initio.* Appellant's contention that the only ground upon which a motion to dissolve or discharge the attachment can be made is that it was improperly or irregularly issued, is not sustained by any authority. 2 Comp. Laws, § 3026, provides that "Every court has power  *  *  *  5. To control, in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.  *  *  *  8. To amend and control its process and orders so as to make them conformable to law and justice." We contend that without such a statute *a fortiori* with it, a court has the inherent power to so control its process as, between the parties to the suit, to correct any abuse of it. Waples on Att. 210; *Gumbel* v. *Pitkin,* 124 U. S. 144. The property levied on as personal property was so attached to the freehold as to become part of the real estate. A fixture is one thing between landlord and tenant, a different thing between vendor and vendee or debtor and creditor. For the purpose of encouraging the improvement by tenants of their holdings, nothing that they attach to leased premises for the purpose of trade or agriculture is considered a part of the realty during the term. But as between vendor and vendee, or debtor and creditor, or heir and executor, a different rule prevails. *Liford's case,* 11 Rep. 50*b*; Ewell on Fixt. 34.

In the case at bar the copper plant being erected was an entirety, although consisting of many buildings and much machinery. The engine, cars and ore scales were necessary to complete the principal thing, and if removed would leave it unfit for use. They were not equally adapted for general use elsewhere. The old rule was that the thing must be so fastened to the estate that its removal would seriously injure the freehold, beyond the loss

of the thing removed. The absurdity of this rule soon became apparent. In *Snedaker* v. *Warring*, 12 N. Y. 170, 173, a statue and a sun dial were held part of the real estate. The statue simply rested on its pedestal but was in no way affixed to it except by gravity. Appellant's argument is that while the doctrine of this case is correct yet if instead of resting on the pedestal the statue was in the process of being let down on it and was separated from it only by the blocking that it would be personalty. Why? Would not the intent to identify the statue with the land be just as certain in the one as in the other case? In either case it could be moved but the intent to there use was unmistakably evinced. The doctrine of annexation is only important as showing the intent to incorporate the incident with the principal. *Bishop* v. *Bishop*, 11 N. Y. 124; Jones on Corp., Bonds and Mort., §§ 136, 137; *Pennock* v. *Coe*, 23 How. 117; *Min. Co.* v. *St. Paul Co.*, 2 Wall. 609; *Scott* v. *Clinton & S. R. Co.* 6 Biss. 529; *Trust Co.* v. *Ry. Co.*, 3 Dill. 412.

"Materials placed upon the land of a railway for use in repairing the road, such as iron rails, chairs, spikes and ties, constitute a part of the realty and pass by a mortgage of the road." Jones Corp. Bonds, § 76. In *Palmer* v. *Forbes*, 23 Ill. 314, the court, by Chief Justice Caton, said: "It is a familiar principle to all that rails hauled on the land, designed to be laid into a fence, or timber for a building, although not yet raised, but lying around loose, and in no way attached to the soil, are treated as a part of the realty, and pass with the land as appurtenances." *McLaughlin* v. *Johnson*, 46 Ill. 163; *Holland* v. *Hodgson*, L. R. 7 C. P. Cas. 334–335; *Trust Co.* v. *Christ*, 47 Fed. R. 756. In *Patterson* v. *Delaware Co.*, 70 P. St. 385, with reference to the real or personal character of machinery it is said: "According to the old rule by which it was sought to distinguish between real and per-

sonal property—physical annexation? That has been found impracticable, no rule at all, and has therefore long since been abandoned." *Patton* v. *Moore*, 16 W. Va., 428 (37 Am. R. 789); *Congregational Society* v. *Fleming*, 11 Ia. 533. The officer exceeded his authority in taking possession of the realty and continuing such possession for over three months. The officer so exceeding his authority became a trespasser *ab initio* and the levy was properly discharged. *Snell* v. *Crowe*, 3 Utah, 26.

### APPELLANT'S REPLY BRIEF.

The claim that the officer was a trespasser *ab initio* is a claim that we did not anticipate, for the reason that it was abandoned in the court below, but counsel seems now to want to strengthen their position by such a claim. Respondent's counsel in their opening statement in the court below referred to the case of *Snell* v. *Crowe*, 3 Utah, 26, but the court stated and counsel admitted that that case had no application, and that the only question involved in the hearing of the motion was whether or not the goods attached were fixtures and a part of the real estate. Therefore, the question of trespass was not gone into by either side either in the evidence or in the court below. The case of *Snell* v. *Crowe*, however, is not applicable to the present case. It was not a motion to discharge attached property, it was an action of trespass against the attaching officer tried before a jury; it was an action between the attaching officer and a third party, not a party to the original attachment suit at all. To make an officer a trespasser *ab initio*, it must be shown that he grossly abused his authority. 26 Enc. of Law, 598; *Taylor* v. *Jones*, 42 N. H. 25; *Stoughton* v. *Mott*, 25 Vt. 669; *Perry* v. *Carr*, 42 Vt. 50.

SMITH, J.:

This was an action for money due upon a contract, and was commenced on December 1, 1894. A writ of attachment was regularly and properly issued and delivered to the sheriff of Salt Lake county for service. On the 3d day of December, 1894, as shown by his return, the sheriff levied this writ upon one Corliss engine, complete, one Howe scale, and 24 ore cars, all of which the sheriff, as shown by his return, siezed as personal property, and left in charge of a keeper. On January 15, 1895, the defendant served on plaintiff's attorneys a notice as follows: "You are hereby notified that upon the records and files herein, and upon the affidavit of John W. Flintham, copy of which is herewith served upon you, and upon other affidavits to be hereafter prepared and served, and upon oral testimony to be introduced at the hearing, the defendant will, on Saturday, January 26, 1895, at 10 o'clock A. M., of that day, or as soon thereafter as counsel can be heard move the court to dismiss the attachment of the property made herein, and to release all property attached from the operation and effect of the levy or attempted levy made under the writ of attachment issued herein on December 1, 1894." This motion came on for hearing on March 9, 1895, and the attorneys of the plaintiff appeared, and objected to the court taking testimony, or making any order in the premises, for the reason that the court had no jurisdiction to hear the matters raised by the motion, and for the reason that the motion did not come within any statutory ground authorizing the discharge of attached property upon motion. The court overruled the objections and proceeded to hear the motion, to which plaintiff excepted, and, after hearing, made the following order, after reciting the history of the proceeding: "That of the property described in said return the one Howe scale, United States standard, the twenty-four new eighteen-inch ore

·cars, and the one Corliss engine complete, were fixtures at the time of said levy, attached to and appurtenant to the real estate belonging to said defendant company on said date, and were not subject to attachment as personal property, and therefore the said levy of said writ of attachment on said property above described be, and the same is hereby, discharged, and vacated." To this order plaintiff duly excepted. There are no findings of fact other than such as are included in this order.

An examination of the evidence shows that the property .attached was machinery and appliances intended to be used in the construction of a certain copper refinery in ·course of erection at Salt Lake City; that this attached property had been shipped to and unloaded on the premises of the defendant, but no part of it had been put .in place, and it was practically all of it in the boxes and shipping cases, just as it was unloaded from the cars. We · ·do not deem it necessary or proper in this case to give ·our own opinion as to whether property so situated had become a part of the real estate or not, because we are ·clearly of opinion that such a question cannot properly be ·determined upon motion, as was done in this case. · There was no objection to the writ of attachment, or the bond .and.affidavit upon which it issued. The whole controversy was that the sheriff had seized as personal property certain machinery which the defendant claimed was real estate; .and, as we have seen, the court, taking the defendant's view of the matter, directed that the levy be discharged. We know of no authority for the court or judge to direct ·the sheriff or other ministerial officer how to make his levy, or what property he should levy upon. If the court ·can lawfully give such direction, who would be responsible for a wrongful levy, or a wrongful failure or· refusal to levy? The court could not ordinarily be held responsible .for it, for, if lawful, it is the exercise of a judicial

power. The sheriff certainly ought not to be responsible, for he would be acting in obedience to the commands of the court. We are clearly of opinion that questions of the character raised by this motion can only be tried in an action duly instituted, where the parties, by appropriate pleadings, may tender issues of fact, and upon which a trial may be had, findings made, or verdict rendered, as the case may require. This motion, and all motions of like character, are usually determined largely upon affidavits, without opportunity for cross-examination. We cannot give our consent to such a practice, and we find no warrant for such practice in the Code of Civil Procedure. We hold that section 3026, vol. 2, Comp. Laws, does not authorize it. Nor is the authority for it to be found in that somewhat hazy field of jurisprudence known as the "inherent power of the court." In coming to this conclusion, we are not without authority to support us. See *Mason* v. *Lieuallen* (Idaho), 39 Pac. 1117.

Some question was made on the argument to the effect that the sheriff, having left the property on the premises for an unreasonable length of time after levy, had made himself a trespasser. If the defendant in good faith makes this claim, it should sue the sheriff as a trespasser, and then a jury, after hearing the evidence, and under instruction as to the law, will give redress, if defendant is entitled to it. We think the order discharging the levy of the attachment should be, and it is hereby, reversed, and set aside, and this cause is remanded, with directions to the court below to fully reinstate the attachment; the appellant to recover the costs of this appeal.

BARTCH and KING, JJ., concur.