PRIEST, BARBER & CO. *v.* ADALINE W. CONE AND CHARLES F. CONE.

[IN CHANCERY.]

*Enforcement of a Married Woman's Debts against Her Separate Property.*

Contracts entered into by a married woman for necessaries for herself and family, or for the benefit of her separate estate, on the credit of such estate, may be enforced against it in equity to the extent of her interest.

In such case the husband cannot interpose against the wife's creditor his marital right to the use of his wife's real estate; for it is his duty, as husband, to supply his family with necessaries, and, as tenant by the curtesy, to supply all things necessary to the enjoyment and conservation of the estate.

APPEAL from the Court of Chancery.

The bill was brought against a married woman and her husband, to charge her separate property for goods, wares, and merchandise, consisting of necessaries for family use and farming tools, delivered to her and her husband and children, on her request and credit, and on the credit of her property, to be used and consumed by her and her family on the farm where she and her family lived, and of which her separate property in part consisted. The defendants answered, denying the principal material allegations of the bill, and, on replication thereto, the cause was referred to a special master for the finding of facts, which, on report of the master, appeared to be as follows:

The defendants were married in 1853, and had issue two children who were still living. In 1864, the defendant Charles bought a small farm in Vernon, paying therefor $1,000 that he had previ-

ously earned and then had at interest, and out of regard for his wife, and to secure a home for his family, had the deed made to her. At the time of the transactions that gave rise to this cause, the orators and one James E. Priest, since deceased, were partners in trade in a " country store " in said Vernon. They had sold to defendant Charles goods of the value of about $5, but he had little or no attachable property, and they regarded him as not entitled to credit, and decided to give him none further, and so informed him. Thereupon on June 7, 1870, the defendant Adaline called on the orators and told them she wished to open an account with them, and that she had property and was responsible, and, as she in fact had property of the value of about $2,100, besides said farm, as the orators well knew, the orators, relying on her promise and ability to pay, sold her goods, consisting of groceries, clothing for her family and farming tools, all being such necessaries as are commonly used in a family and on a farm, and delivered the same from time to time, sometimes to her, sometimes to her husband, and sometimes to her children, but always on her credit, and charged the same to her on their books. The defendants lived on said farm from the time they bought it as aforesaid, doing their own work thereon, and using the products thereof in the support of the family, until the fall of 1874, when defendant Adaline ceased to live with defendant Charles, and he took and ever after retained the exclusive use of the farm, although she continued to hold the title thereto. After said charges accrued defendant Adaline lost all of her property except said farm, and fell into poor health, so that she was not able to work more than half of the time ; but she had made several payments on the orators' account.

The master found that if the orators were entitled to recover of defendant Adaline the amount of their charges on and after June 7, 1870, there was due, including interest, the sum of $85.16.

The cause was heard at the September Term, 1878, before Ross, Chancellor, on bill, answers, replication, and master's report, and it was decreed that defendant Adaline pay to the orators the sum found due by the master, with costs taxed at $67.91, within one year from date of the decree, with interest thereon,

and that in default thereof the orators should have execution against said property, which had been sequestered.

Appeal by the defendants.

*Davenport & Eddy*, for the defendants.

At common law a married woman cannot generally bind herself by her own contract so as to make herself personally liable. Rceve Dom. Rel. 98 ; 1 Parsons Cont. 286 ; 1 Bl. Com. 442 ; Story Prom. Notes, 75, 85 ; Schoul. Dom. Rel. 74. That has not been changed by statute. *Brown* v. *Sumner*, 31 Vt. 671. And the fact that the husband consents, or that the wife's estate is benefited, does not make her liable. *Davis* v. *Estate of Burnham*, 27 Vt. 562 ; *Ingram* v. *Nedd*, 44 Vt. 462. No action at law can be maintained against husband and wife on a contract made by her during coverture, for the reason that a judgment at law will not bind her personally. Hence the necessity of resorting to equity. *Phillips* v. *Grover*, 5 Am. Rep. 675.

A married woman may, doubtless, by her contract, in equity, charge her own *separate* property. The manner and extent of doing this is by no means settled. The rule in Massachusetts is that she must by her contract, make the debt created an express charge on her separate estate, or that the debt must be expressly contracted on its credit, or that the consideration of the debt must go to the benefit of her estate or to enhance its value. In these cases only, equity will decree that the debt be paid out of her estate to the extent to which the power of disposal of the married woman will go. Schoul. Dom. Rel. 237 ; *Willard* v. *Eastham*, 15 Gray, 328 ; *Rogers* v. *Ward*, 8 Allen, 387. In New York the rule is that the intention to create a charge upon her estate must be disclosed in the contract in suit, or that the consideration must have gone to the direct benefit of her estate. *White* v. *McNett*, 33 N. Y. 371.. In the first Vermont case on this subject, the court cite the New York cases with approval, and put the decision on the ground that the wife expressly charged the payment of the debt upon her separate property, and had established a separate business with her husband's consent, and that the goods which plaintiff sought to reach went to enhance her es-

tate. *Partridge* v. *Stocker*, 36 Vt. 108. And see BARRETT, J., in *Frary* v. *Booth*, 37 Vt. 78; Schoul. Dom. Rel. 230, and cases there cited.

But the property the wife seeks to charge must be her *separate* property. *Frary* v. *Booth, supra.* But here the husband has an estate for life in the land sought to be charged. 4 Kent Com. 26, 27 ; Reeve Dom. Rel. 27.

Here the promise of the wife was not for the benefit of herself or her property. It was the husband's duty to provide for his wife.

*K. Haskins,* for the orators.

The fact that the real estate was paid for with the money of the defendant Charles is of but little consequence. He never obtained credit on the strength of such payment, but his wife did obtain credit on the strength of her ownership, as she might, the husband being insolvent, and without credit to obtain the necessaries of life for himself and family. Thus, in equity her property may be charged. It has long been the settled rule of equity in England, that a married woman has the same power of charging her separate estate as if she were unmarried, unless she be restricted in the instrument by which she is invested with such estate. *Hulme* v. *Tenant,* 1 Lead. Cases Eq. 355. The same rule has been adopted in Connecticut. *Imlay* v, *Huntington,* 20 Conn. 146. And with but slight qualifications, in New York. *Meth. Epis. Church* v. *Jaques,* 17 Johns. 548 ; *N. A. Coal Co.* v. *Dyett,* 7 Paige, 9 ; *Knowles* v. *McKamley,* 12 Paige, 343 ; *Cruger* v. *Cruger,* 5 Barb. 227 ; *Yale* v. *Dederer,* 18 N. Y. 265. In Massachusetts and New Hampshire the matter is regulated by statute. In this State, under No. 21, Sts. 1867, a married woman may take, hold, and enjoy personal property in her own right and to her sole and separate use, free from the interference and control of her husband. Prior to that statute, substantially the same rule prevailed in equity. *Porter* v. *Bank of Rutland,* 19 Vt. 410 ; *Barron* v. *Barron,* 24 Vt. 375 ; *Richardson* v. *Estate of Merrill,* 32 Vt. 27. So, too, real estate, subject under certain circumstances to the marital rights of the husband.

And the courts of this State have substantially adopted the rule prevailing in England, New York, and Connecticut. *Partridge* v. *Stocker*, 36 Vt. 108; *Frary* v. *Booth*, 37 Vt. 78; *Carter* v. *Howard*, 39 Vt. 106; *Bugbee* v. *Blood*, 48 Vt. 497.

It will be urged that the property sequestered is not the *separate estate* of the wife, for the reason that the husband is not excluded from his marital rights.

There is no doubt that the general rule is, that *separate estate* in a married woman involves the fact that she holds the same in exclusion of the husband's marital rights. And yet there are exceptions to this rule. *Frary* v. *Booth*, *supra*. But here no question is presented involving the right of the wife to the separate enjoyment of the estate, as against the marital rights of the husband. The question here is between the honest creditors of the wife and the husband. If a husband has misbehaved, or is insolvent and unable to provide for his family, courts of equity will, on the petition of the wife, appropriate her real and personal estate to the support of herself and children, in exclusion of the marital rights of the husband. *Frary* v. *Booth*, *supra*; *Parsons* v. *Parsons*, 9 N. H. 309; *Murray* v. *Lord Elibank*, 1 Lead. Cas. Eq. 348, 355.

The opinion of the court was delivered by

POWERS, J. From the conflicting decisions of the American and English courts touching the power of married women and persons dealing with them to subject their separate estates to liability upon their contracts, one safe and practicable rule is deducible. Contracts entered into by a married woman to obtain necessaries for herself and family, or for her separate estate, and upon the credit of such estate, will be enforced in equity against it. What are necessaries, will be determined by the court as each case arises. If the separate estate is fettered by limitations or conditions in the grant to the wife, she will take and hold it subject thereto, and persons dealing with her must take notice of the extent of her right. The separate estate of a married woman against which rights exist and may be enforced by her creditors, is wholly a creature of courts of equity, and their reme-

dies can exist and be enforced in those courts alone. In that forum the common-law disabilities of the wife in respect to the ownership of property and the right to contract upon its credit are disregarded, and, to the extent above stated, she contracts as freely as if she were unmarried. It would seem to follow that the *corpus* of her separate estate, to the extent of her title, may be charged with the payment of such debts as she may lawfully contract upon its credit. The right to contract a debt is of no practical benefit to the wife, unless her creditors be clothed with ample remedy to secure their debts upon her property. Courts of equity must therefore give execution against the property, and will not limit creditors to its rents, issues, and profits. Whether the husband may interpose his marital right to the use of his wife's real estate, against the proceedings of her creditors seeking to collect their debts, is a question not arising in this case, and therefore not to be here decided. It is the husband's primary duty, as husband, to supply his family with necessaries, and his duty as tenant by the curtesy of his wife's real estate, to supply the same with all things that may be classed as necessaries for its enjoyment and conservations. If he omits these duties, and the wife is compelled to perform them upon the credit of her property — in fact charging it for the payment of his debt — it would seem to be inequitable for him to complain that his enjoyment of her estate is disturbed. In this case Mrs. Cone bought necessaries for her family and her farm, understanding that credit was given to her because she owned the farm and was responsible. Her property should therefore be charged for the payment of the orators' debt. *Dale* v. *Robinson,* *ante,* page 20 ; *Johnson* v. *Gallagher,* 3 De G. F. & J. 494 ; *Picard* v. *Hine,* Law Rep. 5 Ch. Ap. 274.

The decree of the Court of Chancery is affirmed, and the cause remanded to that court.