(November 30, 1907.)

## MARY E. EDMINSTON, Respondent, v. EMORY SMITH and MARTHA SMITH, Appellants.

[92 Pac. 842.]

HUSBAND AND WIFE—NECESSARIES FURNISHED WIFE—LIABILITY OF WIFE ON SPECIAL PROMISE TO PAY FOR NECESSARIES—LIABILITY OF HUSBAND TO PAY FOR NECESSARIES FURNISHED WIFE.

1. The primary duty rests on the husband by reason of his marital contract and operation of law to furnish the wife with the necessaries of life, which includes board and lodging, and a creditor who furnished the wife with such necessaries may maintain his action against the husband, although the latter never contracted the debt, nor promised to pay the bill.

2. The fact that the debt was contracted by the wife, and the credit was extended on the faith of her promise to pay, does not relieve the husband of the liability imposed on him by operation of law, independent of the wife's contractual liability to pay.

3. Where necessaries are furnished the wife upon her special contract, and on her personal responsibility to pay therefor, she can be held to pay the debt, and to that end may be sued as a *feme sole*. In such case, the debt is incurred for her use and benefit.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action against husband and wife to recover a debt for board and lodging furnished on request of the wife and on her promise to pay therefor. Demurrers to complaint were overruled and defendants refused to answer, whereupon judgment was entered and defendants appealed. *Affirmed.*

Eugene A. Cox and Edward S. Fowler, for Appellants.

A married woman cannot bind herself for the payment of a debt of her husband, or for a community debt, or for a debt that was not contracted for her own use, or for the use, or benefit, of her separate estate, or in connection with the control and management thereof, or in carrying on or

conducting business therewith. (*Bank of Commerce v. Baldwin*, 12 Idaho, 202, 85 Pac. 497; *Dernham v. Rowley*, 4 Idaho, 753, 44 Pac. 643; *Jaeckel v. Pease*, 6 Idaho, 131, 53 Pac. 399; *Strode v. Miller*, 7 Idaho, 16, 59 Pac. 893; *Holt v. Gridley*, 7 Idaho, 416, 63 Pac. 188.) It is undoubtedly a presumption of law that every debt contracted during the existence of marriage is the debt of the community. No reason is assigned in the complaint why the wife should pay for the board of her husband, or for the board of herself and husband, or for her own board. Certainly, if anything can be a community debt, the board of the husband and wife is such a debt.

Generally speaking, all obligations contracted during the marriage are community obligations. (6 Am. & Eng. Ency. of Law, p. 339; *Herbert v. Rupertus*, 31 Ind. App. 553, 68 N. E. 598.)

A married woman cannot bind herself for her board while living with her husband and engaged in no business. (*Chickering-Chase Bros. Co. v. White & Co.*, 127 Wis. 83, 106 N. W. 797.) The husband alone, if anybody, is liable for it. It has been held that the husband alone is responsible for the board of his wife and minor children, unless the wife expressly made the board chargeable upon her separate estate. (*Israel v. Silsbee*, 57 Wis. 222, 15 N. W. 144; *Flynn v. Messenger*, 28 Minn. 208, 41 Am. Rep. 279, 9 N. W. 759; *Feiner v. Boynton* (N. J.), 62 Atl. 420.)

The changes in the law, concerning the separate property of a married woman, which have been made by statute have rendered her separate property legal instead of equitable. These changes have not, however, affected the manner in which contracts binding it must be enforced. They must still be enforced against the woman's separate estate by an equitable action. (3 Pomeroy's Eq. Jur., 3d ed., sec. 1099.) Consequently, section 2504, Revised Statutes, will not apply to this action.

If the wife contracts an indebtedness and the credit is given to her solely, the husband cannot be made liable. (*Shelton v. Pendleton*, 18 Conn. 417; *Catron v. Warren*, 1

Cold. (Tenn.) 353; *Maulsby v. Byers,* 67 Md. 440, 10 Atl. 235; *Maxon v. Scott,* 55 N. Y. 247.)

The class of cases in which the husband is held liable for contracts made by the wife includes cases in which she has contracted for necessaries, and the credit has been given to the husband, and it is held that the wife made a contract as agent for the husband. (*Bergh v. Warner,* 47 Minn. 250, 28 Am. St. Rep. 362, 50 N. W. 77; *Anthony v. Phillips,* 17 R. I. 188, 20 Atl. 933, 11 L. R. A. 182.)

In such cases the wife has been held to have contracted for necessaries as the implied agent of her husband, and the credit has been given to him and not to her. They differ essentially from the case at bar.

Both the demurrers in the case at bar should have been sustained on the ground of the misjoinder of defendants. There is in the complaint no allegation of a joint promise or agreement or undertaking. There is no allegation of any written agreement.

Where persons are sued for several and distinct contracts, although the contracts are with the same persons or set of persons, they cannot be joined as defendants in one action, but each must be sued separately. (15 Ency. of Pl. & Pr. 548.)

There is no allegation in the complaint that the defendant, Martha Smith, made two separate contracts for room and board, one for herself for her own board, and one for the board of her husband. The entire contract cannot be enforced piecemeal. It must be enforced as it is made, or not at all. If the contract is entire it can be enforced only in its entirety. (7 Am. & Eng. Ency. of Law, p. 96.)

John O. Bender, for Respondent.

Under the authority of *Bank of Commerce v. Baldwin,* 12 Idaho, 202, 85 Pac. 497, and the statute of this state, a married woman can be held for a debt even though it be a community debt, when she originally contracts the same, and it is for her own use and benefit.

When a married woman enters into a contract, in the first place, for board, lodging or wearing apparel, for herself,

either she or her husband, or both, are liable in an action at law for the payment thereof under the Idaho statute.

Having consented to part payments out of her own money and received board and lodging therefor, appellant will not now be permitted to avoid the validity thereof while admitting the fact as she does under demurrer. (*Stringer v. Montgomery,* 111 Ind. 489, 12 N. E. 474.)

We submit to the court that this contract is divisible, and the part which remains unpaid can be enforced against the husband or the wife, or both, in this action at law. (*Golpcke v. City of Dubuque,* 1 Wall. 221, 17 L. ed. 531; *Porter v. Fisher* (Cal.), 34 Pac. 700.)

AILSHIE, C. J.—This action was commenced in the lower court to recover from the defendants, who are husband and wife, a balance due for board and lodging. It is alleged that the wife, Martha Smith, entered into a contract with the plaintiff, in advance of incurring the indebtedness, whereby she promised and agreed to pay plaintiff the sum of $10 per week for board and lodging for herself and husband, or $5 per week for each. It is further alleged that after the board and room were furnished the defendants in accordance with the contract, the defendant, Martha Smith, made a further specific promise to pay the bill. Under the contract, plaintiff furnished board and lodging to the husband for thirty-three weeks and to the wife for thirty-nine weeks. The credits, amounting to some $296.50, are all set out in the complaint, from which it appears that payments were made by the wife and others by the husband, and still others by them jointly. The plaintiff alleges that she has applied these payments toward the satisfaction of the bill for the husband's board and the balance toward the wife's, leaving a balance of $63.50 due on the wife's board and lodging. Under the allegations of the complaint, the plaintiff had an undoubted right to apply these payments as she did. This action is, therefore, simply an action to collect the bill for the board and lodging of the wife. Whether the wife could have been held for the husband's board and room in accordance with her contract

is immaterial for the purposes of this case. Even if she promised to pay a debt for which she could not be held, still there is no way to keep her from paying it if she wishes to keep her promise. She has the unlimited and absolute right of disposition of her separate property. When she comes to making payments on the indebtedness, if she fails to direct the application of the payment and indicates no intention of repudiating her contract as to the part on which she cannot be held in an action, the creditor may apply the payment as he chooses.

The defendants demurred to the complaint separately, each on the following grounds: "1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That there is a misjoinder of parties defendant; 3. That there is a misjoinder of causes of action." On the part of the wife, it is contended that the debt was either a debt of the husband or a community debt for which the wife cannot obligate herself. On the part of the husband, it is contended that he is not liable, for the reason that the complaint shows that the credit was extended to the wife on her promise and not upon any implied liability of his. The position taken by the appellants is tersely stated by their counsel in their brief as follows: "Our contention is that the wife cannot legally, in this state, bind herself for the debt sued upon; that she did not bind, or attempt to bind, her husband, and that the credit was not given to him; and that as a result, neither one of them is liable." If this position be correct, it will prove an easy way to settle the board bill and will solve a problem that has long been embarrassing to not a few.

In support of the wife's position, we are cited to the following cases from this court: *Bank of Commerce v. Baldwin,* 12 Idaho, 202, 85 Pac. 497; *Dernham v. Rowley,* 4 Idaho, 753, 44 Pac. 643; *Jaeckel v. Pease,* 6 Idaho, 131, 53 Pac. 399; *Strode v. Miller,* 7 Idaho, 16, 59 Pac. 893; *Holt v. Gridley,* 7 Idaho, 416, 63 Pac. 188.

*Bank of Commerce v. Baldwin* was decided since the passage of the act of March 9, 1903 (Sess. Laws 1903, p. 345), and all the other cases were decided prior to that act. It

has been uniformly held, however, by this court that the wife is not liable unless "the debt was incurred for the use and benefit of her separate property, or was contracted by her for her own use and benefit." The court has always recognized the power and authority of the wife to enter into valid and binding contracts "for her own use and benefit," and has, on the other hand, constantly held that she could not bind herself as a surety or for debts not her own except where she incurred such debts by a specific lien upon her separate property. As to what constitutes debts "for her own use and benefit," is quite another question. The courts have decided more frequently what *are not* than what *are such debts.* Primarily, the husband is liable for the board and lodging of his wife (21 Cyc. 1151, 1152, and note; *Emmett v. Morton,* 8 Car. & P. 506), and the fact that the debt was contracted by her and the credit was extended to her does not relieve him of the liability cast upon him by operation of law and independent of the contract of the wife and any personal liability she may have incurred in order to secure the credit.

The liability of the wife, if any, rests on her contract and promise to pay, while the husband's liability for a necessary, such as board and room, grows out of, and is incident to, his marital duties, and arises therefrom by operation of law. The wife is entitled to these necessaries at the husband's expense, but if he neglects to furnish them and she cannot secure them on his credit, and can do so on the faith of her own promise to pay the bill, she is certainly entitled to procure them in that manner. If the creditor parts with his goods on the faith of the wife's promise to pay, he is entitled to recover against her if the debt is not paid. The fact that she is obliged to obligate herself can in no way relieve the husband of his duty and responsibility in the matter. The wife has a right, on the other hand, to have the husband holden for the debt so that if it can be collected from him, she may be relieved of that obligation. The creditor is entitled to hold the husband, although he is not willing to part

with his goods without the additional assurance of the wife's personal obligation to pay the debt.

A different view was expressed in *Maxon v. Scott*, 55 N. Y. 247, where the controversy arose over the liability of the wife only for board furnished herself and husband on her contract. In course of the opinion, the court said: "Laying for the present the coverture of Mrs. Bemis out of view, this was clearly a contract by her as principal and not as surety for her husband. If he boarded with the defendant with her, under this contract, the credit was given to her and to her separate estate, and not at all to him, and he would not become debtor to the defendant therefor. The law would not imply a promise by him to .pay for the board when it was shown that it was furnished at the request of and upon the credit of his wife, and of her separate estate." The trouble with this statement by the New York court lies in the assumption on which it is founded. "Laying the coverture of the wife out of view," changes the whole proposition. As between strangers, there can be no question about the correctness of the statement that the credit having been extended to the one, the charge could not become the debt of the other; but a legal relation existing between the husband and wife, which made the husband originally and independent of contract liable for the debt, the promise of the wife to pay could in no respect relieve the original and primary debtor or place him in any worse position than he would have been in had she secured the credit on the faith of his responsibility without any promise on her part.

We conclude that the husband is unquestionably liable for the debt, and that a good cause of action is stated against him. As for the liability of the wife, it is equally clear to us that she is bound by her contract. The provisions and accommodations were furnished for her use and benefit, and the credit was extended on the faith of her promise and responsibility. (Long on Domestic Relations, sec. 64; *Priest v. Cone*, 51 Vt. 495, 31 Am. Rep. 695; 25 Am. & Eng. Ency. of Law, 405.) If she cannot be held for a debt of this kind, a woman who has an improvident, impecunious and worth-

less husband might be compelled frequently to live on the charity of neighbors for want of credit at the markets and provision stores. The law fully authorizes and the interest of the wife equally demands that she bind herself personally for such necessaries when she finds that she must do so in order to obtain them. Section 3 of the act of March 9, 1903 (Sess. Laws 1903, 346), permits the wife to sue and to be sued the same as a *feme sole*. This, of course, grants the same right to sue and be sued in an action at law as in a suit in equity, and carries with it all the rights of process to collect and enforce judgments and decrees entered therein. Under our constitution and statutes the wife is a distinct person and independent legal entity from her husband.

The objection that there was a misjoinder of parties defendant is not well taken. The defendants are each liable for the same debt—the same relief is sought against each.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, J., concurs.