THE WESTERN GROCER COMPANY, *Appellant,* v. P. B. ALLEMAN (*Defendant*) and V. MAY ALLEMAN (*Interpleader*), *Appellees.*

No. 16,287.

Appeal from Miami district court; WINFIELD H. SHELDON, judge. Opinion denying a petition for a rehearing filed February 12, 1910. Statement of facts in first opinion (ante, p. 543) corrected.

*G. W. Littick,* for the appellant.

*David F. Carson, James F. Getty,* and *F. D. Hutchings,* for the appellees.

The opinion of the court was delivered by

MASON, J.: In a petition for a rehearing attention is called to an inaccurate statement made in the opinion in this case. It was there said (ante, p. 544) that a witness swore that the deed to Mrs. Alleman was made without that to her husband having been returned to the grantor. This was a mistake. There was no testimony that the deed was not returned. However, two witnesses testified that it was delivered to Alleman. He himself says that it was delivered "in escrow." And no one undertook to say that it was ever returned to the maker. The correction is made for the sake of accuracy, but the change in the statement does not affect the conclusion reached. The question between the plaintiff and the intervenor as to the title to the attached property is one that should be tried out upon a full showing of the facts, many of which, in a hearing upon *ex parte* affidavits, must necessarily be left to conjecture. The property seized as that of the defendant having been claimed by the interpleader, it was doubtless proper to entertain a motion for its immediate discharge, but "if the showing indicated the existence of a substantial question as to the ownership between the

debtor and a third person, . . . the motion ought to be overruled." (*White-Crow v. White-Wing*, 3 Kan. 276, 281; *Treptow v. Buse*, 10 Kan. 170, 179.)

The claim of a homestead exemption made by the wife in behalf of the husband was not overlooked by this court, but was not specifically referred to in the original opinion because it was and is deemed to be fully met by the case of *Long Brothers v. Murphy*, 27 Kan. 375.

The petition for a rehearing is denied.