O'Malley v. Townsley.

---

JAMES O'MALLEY, *Appellant*, v. FRANK TOWNSLEY
*et al.*, *Appellees*.

No. 17,203.

SYLLABUS BY THE COURT.

ATTACHMENT—*Discharged—When.* Where no evidence is offered to the contrary, the trial court is justified in sustaining a motion to discharge land from an attachment made by a stranger to the action on the ground that he is the real owner although the record title is in the defendant, where the motion is supported by the affidavits of the claimant and the defendant that prior to the levy the defendant sold the land to the claimant and executed a deed which by mistake described another tract instead of that intended to be conveyed.

Appeal from Hamilton district court. Opinion filed October 7, 1911. Affirmed.

*Granby Hillyer, William Easton Hutchison,* and *C. E. Vance,* for the appellant.

*R. W. Hoskinson,* and *Albert Hoskinson,* for the appellees.

The opinion of the court was delivered by

MASON, J.: James O'Malley sued Frank Townsley upon a money demand, and caused an attachment to be levied upon land, the record title to which was in the defendant. J. S. McMurtry claimed to be the real owner of the attached property and asked to be made a party in order that his claim might be adjudicated. The plaintiff objected and the application was denied. McMurtry then filed a motion asking that the land be discharged from the attachment on the ground that he was the owner. He supported the motion by his own affidavit and that of the defendant, setting out these facts : Before the action was begun, the defendant, being then the owner of the land, sold it, with other tracts in the same section, to McMurtry; a deed was executed, delivered and recorded, which was intended to convey this tract, but which by mistake described it as lots 3 and 4 of the section, instead of as lots 1 and 2, the proper description. No other evidence was offered. The court sustained the motion to discharge and the plaintiff appeals.

The plaintiff invokes the rule referred to in *Grocer Co. v. Alleman,* 81 Kan. 900, 106 Pac. 460, that such a motion should be overruled if there is a substantial doubt as to the ownership of the property. We think that here no substantial doubt was shown. The statements made under oath by Townsley and McMurtry were reasonable and plausible. True, in any serious controversy as to the title, the plaintiff should have had an opportunity to cross-examine the witnesses. But as he offered no evidence whatever tending to contradict their testimony, it does not appear that he suffered any prejudice in this connection. He suggests that he was prevented from introducing evidence by the statutory provision that if a motion to discharge attachment be made upon affidavits on the part of the defendant, or papers and evidence in the case, but not otherwise, the

plaintiff may oppose them by evidence in addition to the affidavit for the attachment. (Civ. Code, § 220.) The section cited has no application to a hearing of a motion to discharge made by a stranger to the action on the ground that the defendant does not own the property.

A more satisfactory way of determining the title would have been by the framing of issues under the statute authorizing the claimant of attached property to interplead. (Civ. Code, § 45; *Bodwell v. Heaton*, 40 Kan. 36, 18 Pac. 901.) But as McMurtry appears to have been willing to invoke that statute, and to have been denied the right, there seems the less reason to disturb the result of the summary hearing upon affidavits.

The judgment is affirmed.