(No. 4561.   May 14, 1927.)

## GERTRUDE M. BRIGGS, Respondent, v. O. Y. MASON, Sheriff of Canyon County, Idaho, Appellant.

[256 Pac. 368.]

HUSBAND AND WIFE—SUFFICIENCY OF COMPLAINT—JUDGMENT AGAINST WIFE INDIVIDUALLY — NO APPEAL FROM JUDGMENT — RIGHTS OF PARTIES.

1. In action to recover for grocery bill, alleging wife specially promised to pay for groceries, and that same were sold to her on her separate promise to pay therefor, and sold for her use and benefit, together with promise of husband to guarantee the bill, *held* to state a cause of action against wife in her individual, sole and separate capacity.

2. When judgment pursuant to action against wife in her individual capacity, after authorizing recovery, added that total judgment was to be assessed against community property, thereby importing a contradictory meaning, in view of C. S., secs. 4656–4660, defining "community property," judgment will be held against wife in her sole and separate capacity; where husband was not sued, under pleading, judgment could not have been rendered against community.

3. Where no appeal is taken from judgment, rights of parties, so far as determined by verdict and judgment, become fixed.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action to recover possession of car levied on by sheriff. Judgment for respondent. *Reversed and remanded, with instructions.*

Publisher's Note.
   3.   See 15 R. C. L. 835.

See Husband and Wife, 30 C. J., sec. 753, p. 1004, n. 73; sec. 809, p. 1044, n. 70.
   Judgments, 34 C. J., sec. 815, p. 511, n. 46.
   Trial, 38 Cyc., p. 1901, n. 42, 43.

Buckner & Warren, for Appellant.

The execution herein was based upon a valid judgment against Gertrude M. Briggs. (*Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871; *Meier & Frank v. Bruce,* 30 Ida. 732, 168 Pac. 5; *Sassaman v. Root,* 37 Ida. 588, 218 Pac. 374; *Booth Mercantile Co. v. Murphy,* 14 Ida. 212, 93 Pac. 777; *Wisnom v. McCarthy,* 48 Cal. App. 697, 192 Pac. 337.)

The complaint shows that a judgment was entered in the probate court against the respondent and her husband, and that no facts invalidating the judgment are pleaded. (*Ollis v. Orr,* 6 Ida. 474, 56 Pac. 162; *Kriste v. International Savings Bank,* 17 Cal. App. 301, 119 Pac. 666; *Jensen v. Berry & Ball Co.,* 37 Ida. 394, 216 Pac. 1033; Dec. Dig., Judgment, sec. 949.)

If the whole issue be determined by the jury, any additional findings or statements are superfluous, and should be disregarded by the court in entering judgment. (*Hall v. McClure,* 112 Kan. 752, 30 A. L. R. 782, 212 Pac. 875; 38 Cyc. 1890; Dec. Dig., Trial, sec. 336; 27 R. C. L. 853, sec. 25, p. 893; *Smith v. Means,* 170 Mo. App. 158, 155 S. W. 444.)

S. Ben Dunlap, for Respondent.

Recitals in a judgment will be construed according to the proper legal import of the terms used, considering the judgment as a whole. (23 Cyc. 1101, sec. 2.)

In an action against husband and wife to recover on a debt or liability of the community, judgment may be rendered against the community and against the wife as a member thereof. Ordinarily as against the wife the judgment should go no further than to establish the community character of the indebtedness. (31 C. J. 158, sec. 1264.)

A jury should find as to all the issues raised by the pleadings, and they are limited in their findings to such issues. (27 R. C. L. 853, sec. 25.)

A judgment of a court of competent jurisdiction cannot be impeached collaterally. (15 R. C. L., p. 835, sec. 310.)

Where the court enters a restricted judgment to be satisfied out of certain funds and plaintiff acquiesced therein, the judgment as entered becomes conclusive upon the parties. (*Weaver v. City and County of San Francisco,* 146 Cal. 728, 81 Pac. 119.)

Where a verdict of a jury is irregular, and there is no objection thereto at the trial either by motion to correct it or for a new trial or to the reception thereof by the court, the plaintiff is deemed to have acquiesced therein and could not object thereto even on appeal. (*Fox v. West,* 1 Ida. 782.)

The community property is not bound for the payment of post-nuptial contracts of the wife made for the use and benefit of her own separate property. (*Hall v. Johns,* 17 Ida. 224, 105 Pac. 71.)

GIVENS, J.—J. W. Cupples and L. J. Mitchell, doing business under the firm name of Cupples Mercantile Company, sued, in the probate court, A. P. Briggs and Gertrude M. Briggs, husband and wife, for a grocery bill. The verdict of the jury was as follows: "The jury in the above entitled case find for the plaintiff and against the defendant, Gertrude M. Briggs, and assess their damage in the sum of $190.25 against community property"— and the judgment thus: "It is therefore ordered and decreed by the court that the plaintiffs, J. W. Cupples and Luther Mitchell, doing business under the Firm name of Cupples Mercantile Company, do have and recover of and from the defendant, Gertrude M. Briggs, judgment in the sum of $190.25, together with all costs of suit amounting to $32.15; total judgment assessed against community property."

Pursuant to the judgment appellant Mason, sheriff, levied an execution on an automobile, which Gertrude M. Briggs, respondent, claims was her sole and separate property.

This action was commenced by respondent to recover possession of the automobile on the theory that the judgment below was not against her personally and that the automobile was her sole and separate property. The court instructed the jury such judgment was not a personal one against Mrs. Briggs' separate property and the jury found that the automobile was her separate property and the court entered judgment in favor of respondent. The sheriff appeals.

Appellant urges that the clause "total judgment assessed against community property" was surplusage and therefore of no effect.

The complaint in the original proceeding contained the following:

"That prior to receiving said groceries, said defendant, Mrs. Gertrude M. Briggs. specially promised and agreed to pay for said groceries and that same were sold to her upon her express promise to pay for the same, and that said groceries were sold for the use and benefit of Gertrude M. Briggs together with the promise and agreement of said defendant, A. P. Briggs, to guarantee said bill."

[1] Fairly interpreted this stated a cause of action against Mrs. Briggs in her individual, sole and separate capacity and not an action as contemplated in *Hall v. Johns*, 17 Ida. 224, 105 Pac. 71, and *Edminston v. Smith*, 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871.

Mrs. Briggs answered and filed her separate answer and cross-complaint denying that she was obligated in her sole, separate and individual capacity but affirmatively alleged that, in effect, it was a community debt contracted by A. P. Briggs. Since it was not an action as contemplated by *Hall v. Johns* and *Edminston v. Smith, supra,* and A. P. Briggs was not served, there could be no valid verdict or judgment against the community.

[2] The first portion of the judgment entered, if taken alone, was a personal judgment against Gertrude M. Briggs, the wife. The words "assessed against community prop-

erty'' import a contradictory meaning,—''community property'' means property belonging to the husband and wife
acquired during marriage and specifically excludes the separate property of either.  (C. S., secs. 4656–4660.)

[3]    The respondent by her affirmative defense raised the
issue of the community being bound.  As pointed out above,
no verdict or judgment could have been rendered against
the community.  We cannot presume or suppose the jury
intended to do a vain thing; therefore, the only valid judgment that could have been rendered was rendered against
respondent in her personal capacity.  Conceding that there
is doubt whether the jury would have so found unless
they also believed that the judgment would have to be
paid out of the community property, the verdict and judgment are to be given effect, if possible.  (38 Cyc. 1901;
*Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585, 34 L. R. A.,
N. S., 1147; *Koskela v. Albion Lumber Co.,* 25 Cal. App.
12, 142 Pac. 851; *City of Portland v. Blue,* 87 Or. 271,
170 Pac. 715.)  No appeal was taken by respondent and
the rights of the parties so far as determined by such verdict and judgment thereby became fixed.  The court therefore improperly instructed the jury that this judgment
was not against the respondent personally.

Since the judgment was against respondent in her sole
and separate capacity and she alleges she was the sole
owner of the car in question, she was entitled to no relief
herein.

The judgment is therefore reversed and remanded, with
instructions to enter judgment for appellant.

Costs awarded to appellant.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ.,
concur.