(No. 5469.  July 19, 1930.)

PACIFIC ACCEPTANCE CORPORATION, a Corporation, Appellant, v. H. C. MYERS and FURCHT AUTO COMPANY, a Copartnership Consisting of J. D. FURCHT and IRENE A. FURCHT, Respondents.

[290 Pac. 404.]

Harlan D. Heist, for Appellant.

A. F. James, for Respondents.

BUDGE, J.—Substantially, the complaint in this action alleges that respondent Furcht Auto Company is a co-partnership consisting of J. D. Furcht and Irene A. Furcht, husband and wife; that respondent Myers executed to the Furcht Auto Company a conditional sale contract and the latter company by J. D. Furcht made a written assignment of the contract to appellant and guaranteed its payment by the purchaser of the property, and, in the event of any repossession and resale of such property, to pay any deficiency remaining after the sale. The property was repossessed and resold and a deficiency remained. This action was brought to recover judgment for such deficiency. The liability of respondents Myers and J. D. Furcht is not involved in this appeal, the only question being as to the liability of respondent Irene A. Furcht for a several judgment against her separate property, by reason of the assignment and guaranty aforesaid. Judgment dismissing the complaint as against respondent Irene A. Furcht was entered following the sustaining of a general demurrer to the complaint and failure of appellant to plead further.

The complaint does not contain any allegation, and no attempt is made to show, that the contract of assignment and guaranty was for the separate use and benefit of respondent Irene A. Furcht or for the use and benefit of her separate property. It is the firmly established rule in this state that in order to charge the separate property of a married woman or render it liable to levy and sale for an obligation or indebtedness contracted by her, it must be alleged in the complaint and proven at the trial that the debt was incurred for her own use and benefit or for the use and benefit of her separate property. (*Ness v. Coffer*, 42 Ida. 78, 244 Pac. 145, with collation of earlier cases.) The statutes of this state with reference to the right of married women to contract must be construed as grants of power rather than restrictions of power. Such common-law disabilities in this respect as have not been removed by statutory enactment are limitations upon the right of married women to bind their separate estates, and

such contracts as married women are authorized to enter into are limited to contracts for their own use and benefit or for the use and benefit of their own separate estates.

Under the application of the rule above referred to to the facts of this case, the court did not err in sustaining the demurrer and in dismissing the action. The judgment is therefore affirmed; costs to respondents.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.