(No. 5803.   March 24, 1932.)

THE FIRST NATIONAL BANK OF LOGAN, UTAH, a Corporation, Appellant, v. GEORGE D. COLLINS and EMMA COLLINS, Respondents.

[9 Pac. (2d) 802.]

L. Tom Perry, A. C. Cordon and Peterson & Clark, for Appellant.

Arthur W. Hart, for Respondents.

LEE, C. J.—Appeal from an order dissolving an attachment. Plaintiff and appellant, First National Bank of Logan, a Utah corporation, sued defendants and respondents, George D. Collins and Emma Collins, his wife, residents of this state, upon a promissory note jointly executed by them. Defendants joined on a general demurrer. Under a writ of attachment, the sheriff included in his levy certain real and personal property to which wife Emma made claim as her own separate property.

On June 18th, appellant served upon respondents a copy of its proposed amended complaint together with a notice that upon June 29th leave of court would be asked to file the same. The copy was duly lodged and motion for leave to file it presented on the date aforesaid. On the same day, respondent, Emma Collins, moved the court to release from attachment the property separately claimed by her, upon the ground that the writ of attachment "was improperly issued," in that (a) the complaint did not state facts sufficient to constitute a cause of action against her and (b) that the debt was that of her husband, not for her separate use and benefit, and that the *res* attached was her own individual property. Both motions were heard on June 29th. On August 1st, leave to file appellant's amended complaint was given: at 9 A. M. on that day, it was filed. On August 4th, the court made its order dissolving the attachment in so far as it affected the property claimed by respondent, Emma Collins. This appeal ensued.

The writ of attachment was issued upon the original complaint which certainly stated a cause of action against husband Collins. That complaint being immune to general demurrer (*Jones v. Moss*, 28 Ida. 245, 153 Pac. 249; *Harkness*

*v. Hyde,* 31 Ida. 784, 176 Pac. 885), and a proper affidavit and undertaking having been filed, there was nothing for the clerk to do but issue the writ: it was not improperly issued. Whether or not Mrs. Collins' alleged separate property was being subjected to another's debt or whether, in fact, it was her separate property, were questions the court had no jurisdiction to determine upon the motion to dissolve. (*Mason, Ehrman Co. v. Lieuallen,* 4 Ida. 415, 39 Pac. 1117, cited with approval in *Moseley v. Fidelity & Deposit Co.,* 33 Ida. 37, 42, 25 A. L. R. 564, 189 Pac. 862.) If the showing upon the motion indicated the existence of a substantial question as to the ownership of the property attached, the motion should have been denied. (*Western Grocer Co. v. Alleman,* 81 Kan. 900, 135 Am. St. 398, 106 Pac. 997, 27. L. R. A., N. S., 620; 6 C. J. 431, par. 1000.)

At the time the court dissolved the attachment on August 4th, it had before it the amended complaint filed upon August 1st superseding the original complaint and relating back to the date of filing thereof: it was the only complaint to be considered. (*Wooddy v. Jamieson,* 4 Ida. 448, 40 Pac. 61.) Issue had been joined thereon by neither demurrer nor answer. Therein, appellant had plead that respondents had "made, executed and delivered" the promissory note "at Logan Utah," and that it "was made at the request and for the use and benefit of said defendant, Emma Collins." The Utah statute removing the common-law disabilities of married women was also plead.

Upon this alleged state of facts, appellant sought judgment and the right to execute against the separate property of respondent, Emma Collins. Its contentions have never been determined by action. Instead, in a collateral proceeding, without a whit of evidence, but solely upon affidavits, there has been a summary adjudication of property rights and obligations effectually relieving a party defendant from all liability, to examine and settle which very things, suit was instituted in the first instance.

It may be said that by resisting the motion to dissolve and proceeding to a hearing upon affidavits, appellant cannot now complain of the court's action. It could not, had

the court been clothed with jurisdiction to resolve the questions decided. Having had no such jurisdiction, the parties could not by mutual conduct and agreement vest the court with it. (*Wayne v. Alspach*, 20 Ida. 144, 116 Pac. 1033.) If the amended complaint had wholly failed to state a cause of action against Emma Collins, and was incapable of further amendment, the court would assuredly have had jurisdiction to dissolve the attachment as to her separate property (*Ross v. Gold Ridge Min. Co.*, 14 Ida. 687, 691, 95 Pac. 821), just as it would have had to dismiss the action against her. But that jurisdiction would have had its genesis in the pleadings, not in a stack of affidavits supporting a motion in a collateral proceeding.

That the amended complaint did state a cause of action against the particular respondent, we think is clear. It was stated that the note was made for her use and benefit. (*Pacific Acceptance Corp. v. Myers*, 49 Ida. 585, 588, 290 Pac. 404; *Briggs v. Mason*, 44 Ida. 283, 256 Pac. 368.) The complaint was duly verified and its allegations could have been traversed only by a sworn answer. (C. S., sec. 6703; *Craven v. Bos*, 38 Ida. 722, 225 Pac. 136.) Not until default or issue joined upon them would the court have had any jurisdiction to determine the questions it prematurely disposed of in the collateral proceeding.

The order dissolving the attachment is reversed. Costs to appellant.

Budge, Givens, Varian and Leeper, JJ., concur.