### Robert Franklin v. Charles G. Foster.

*Wife's contract for money loaned :* A party who lends to a wife money, known to him to be for her private use, and who at the wife's request conceals the fact of such lending from the husband, cannot maintain an action against the husband for the money loaned.

*Heard January 8. Decided January 10.*

Case made from Ottawa Circuit.

This was an action of *assumpsit* brought for money

claimed to have been lent by the plaintiff to the defendant's wife. The suit was brought in Justice's Court, and judgment rendered for the plaintiff for twenty-five dollars and costs. From this the defendant appealed to the Circuit Court for the County of Ottawa.

On the trial in the Circuit Court, the plaintiff was sworn and testified:

" During the month of July, 1866, Mrs. Foster, the defendant's wife, said to me she wanted some money. I said I had some money I did not want to use then, but did not know how soon I might want it, and I let her have twenty-five dollars then, and in a few days after I let her have ten dollars more. At the time she got the twenty-five dollars, I told her to speak to her husband about it, and she said she would, and afterwards told me she had, and it was all right. I asked her what she used the money for, and she said to buy some under clothing. I have several times asked Mrs. Foster for the money but she has never paid it. I afterwards settled with Mr. Foster, the defendant, in the fall of 1866, but did not mention the money loaned to his wife. The reason I did not mention it was, that as I was about settling with Foster, the defendant, Mrs. Foster requested me to say nothing to her husband about the money, in the settlement, and she would pay me."

The Court rendered judgment for the plaintiff for the sum of twenty-five dollars, with costs; which judgment comes into this Court for review upon case made.

*Edwin Baxter*, for defendant.

CAMPBELL, CH. J.

Franklin sued Foster for money lent. The money was lent to Mrs. Foster, defendant's wife, on her own request, and without any authority from her husband. When lent to her, Franklin told her to speak to her husband about

it, and she promised to do so, but never did. It was lent for her private use, as the lender knew at the time, and he not only never asked Foster for it, but concealed the facts from him at Mrs. Foster's request, and had a settlement with him about other matters. The commencement of suit was the first demand ever made on Foster for it.

It is difficult to imagine upon what theory, judgment was given for this demand. A wife cannot borrow money on her husband's credit; and much more can she not borrow it secretly on his account, and with an understanding that the fact shall be concealed from him. The loan here was made to her and not to him, and there is no possible pretext for charging him with it.

Judgment should be reversed, and judgment rendered in this Court in favor of defendant, Foster, with costs of all the courts.

The other Justices concurred.