(March 9, 1894.)

## BASSETT v. BEAM.

[36 Pac. 501.]

MARRIED WOMEN—SEPARATE PROPERTY—IMPROVEMENTS.—Under the statutes of Idaho a married woman may contract for improvements upon her separate property, and a debt so incurred does not come within the inhibitions of section 2498 of the Revised Statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid and James W. Poe, for Appellants.

Except in special cases, as under the sole trader's act, a married woman cannot by contract create a personal liability against herself in any form. The rights of married women, as to their separate property and their power over it in Idaho, depend mainly on the statutes in force in this state. If the defendant, Mrs. Beam, could make a contract whereby the encumbrance of an attachment lien could be placed upon her separate property, the very object and purpose of the Idaho statute would be nullified. (Idaho Rev. Stats., secs. 2498, 5850, 5860; Maclay v. Love, 25 Cal. 368, 85 Am. Dec. 133, and authorities there cited; Platte's Property Rights of Married Women, sec. 20, pp. 42-44; Cochran v. Collins, 29 Cal. 120; Smith v. Greer, 31 Cal. 478; Belloc v. Davis, 38 Cal. 242; Butler v. Baker, 54 Cal. 178; Brickell v. Batchelder, 62 Cal. 623; Terry v. Hammond, 47 Cal. 32; Friedburg v. Parker, 50 Cal. 103; Love v. Watkins, 40 Cal. 558, 6 Am. Rep. 624.) Sections 2498, 3220, and sections 5850-5860, inclusive, are to be construed together, and it seems to me, that if they mean anything, they signify that a married woman cannot contract in any other way so as to bind her separate property than is provided in section 2498 of the Revised Statutes of Idaho.

Philip Tillinghast, for Respondent.

A general demurrer addressed to the whole of the complaint should be overruled if some portion of the complaint states a cause of action. (*Fleming v. Albeck,* 67 Cal. 227, 7 Pac. 659.) "Whenever the provisions of the statute are general, everything which is necessary to make such provisions effectual is supplied by the common law and by implication." (Sutherland on Statutory Construction, sec. 327.) The only conflict of authority seems to be, as will be seen in the case of *Yale v. Dederer,* 22 N. Y. 45, whether or not a married woman's separate property can be holden for an indebtedness created by her, not for the benefit and improvement of her separate property, but as surety. We here cite to the court the leading cases upon this question in the United States. (*Yale v. Dederer,* 18 N. Y. 265, 72 Am. Dec. 503, and note; *Yale v. Dederer,* 22 N. Y. 450, 78 Am. Dec. 216, and note; *Deeming v. Boyle,* 18 Kan. 353; *Todd v. Lee,* 15 Wis. 365; *Cartan v. David,* 18 Nev. 317, 4 Pac. 61; *Dale v. Robinson,* 51 Vt. 20, 31 Am. Rep. 669; *Garvin v. Watkins,* 29 Fla. 151, 10 South. 818; *Warren v. Freeman,* 85 Tenn. 513, 3 S. W. 514; *Ballin v. Dillage,* 37 N. Y. 38.)

HUSTON, C. J.—The defendant Maud F. Beam, a married woman, made a contract with plaintiff, by the terms whereof the plaintiff agreed, for the consideration therein expressed, to erect certain buildings and make certain improvements upon a tract of land, the separate property of said Maud F. Beam, situate in Latah county, Idaho. The complaint alleges the performance of the work by plaintiff in accordance with the contract, the refusal of the defendant or her husband (who is made a party defendant to the action) to pay therefor, and. demands judgment for the sum claimed to be due. The defendants demurred to the complaint, generally and specially,

and, the demurrer having been overruled, filed an answer setting up various defenses. A trial was had before the court, with a jury, and verdict rendered for plaintiff. From the judgment entered upon said verdict this appeal is taken. The only question raised by the record is the sufficiency of the complaint, in stating a cause of action.

It is contended by appellants that under the statutes of Idaho a married woman is incapable of making an obligatory contract. This contention is predicated upon section 3220 of the Revised Statutes, which reads as follows: "All persons are capable of contracting, except minors, persons of unsound mind and persons deprived of their civil liberty"—and section 2498 of the Revised Statutes, which is as follows: "The husband has the management and control of the separate property of the wife during the continuance of the marriage, but no sale or alienation of any part of such property can be made, nor any lien or encumbrance created thereon, unless by an instrument in writing signed by the husband and wife, and acknowledged by her upon an examination, separate and apart from her husband, as upon a conveyance of real estate." Counsel contend that a married woman comes under the class defined in section 3220 as "persons deprived of their civil liberty." While, as an exhibition of masculine courage, this proposition may elicit our admiration, as a legal conclusion, based upon the statutes of Idaho, we are unable to give it recognition. If it ever was the intention of the legislature of Idaho to deprive the married women of this state of their "civil liberties," they have prudently avoided giving it expression in any of their enactments, as the following provisions of the statutes would seem to indicate:

"Sec. 2495. All property of the wife, owned by her before marriage, and that acquired afterward by gift, bequest, devise or descent is her separate property."

"Sec. 2502. The earnings and accumulations of the wife and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife."

"Sec. 2504. The separate property of the wife is not liable for the debts of her husband, but is liable for her own debts contracted before or after marriage."

"Sec. 4093. When a married woman is a party, her husband must join with her, except: 1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone; 2. When the action is between herself and her husband, she may sue or be sued alone; 3. When she is living separate and apart from her husband, by reason of his desertion of her, or by agreement in writing entered into between them, she may sue or be sued alone."

"Sec. 2612. Shares of stock in corporations, held or owned by a married woman, may be transferred by her, her agent or attorney, without the signature of her husband, in the same manner as if such married woman were a *feme sole*. All dividends payable upon any shares of stock of a corporation held by a married woman, may be paid to such married woman, her agent or attorney, in the same manner as if she were unmarried, and it is not necessary for her husband to join in a receipt therefor; and any proxy or power given by a married woman touching any shares of stock of any corporation, owned by her, is valid and binding without the signature of her husband, the same as if she were unmarried."

Counsel for appellants place considerable stress upon the provisions of section 2498, above quoted, and assume that as it is provided therein that "no lien or encumbrance can be created" upon the separate property of the wife, except in the manner provided in said section, therefore any contract made or debt

incurred by a married woman, which may be the basis of a lien,. comes within the inhibition expressed in said section. Construing said section 2498 *in pari materia* with other sections of the statutes relating to the same subject matter, it is impossible that the contention of counsel for appellants can prevail. We think that it is quite apparent that the provisions of section 2498 were intended as an inhibition against any alienation or encumbrance of the separate property of the wife by the husband without the full and unconstrained consent of the wife, and evidently refers only to the voluntary creation of liens or encumbrances. Section 2504, above quoted, clearly recognizes the right of the wife to incur debts after marriage, and makes her separate property liable therefor. The making of a contract or the incurring of a debt which may, by the occurrence or the nonoccurrence of certain contingencies, culminate in a lien, is not, in our view, such a creation of a "lien or encumbrance" as is expressed in section 2498. The judgment of the district court is affirmed, with costs.

Morgan and Sullivan, JJ., concur.