(April 9, 1896.)

## DERNHAM & KAUFMANN v. ROWLEY.

### [44 Pac. 643.]

MARRIED WOMEN—SEPARATE PROPERTY.—A married woman may contract debts for the use and benefit of her separate property, or for her own use and benefit, and thereby charge her separate property.

PRACTICE—HOW SEPARATE PROPERTY OF WIFE RENDERED LIABLE TO LEVY AND SALE.—In order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint and proven that the debt was incurred for the use or benefit of her separate property, or for her own use of benefit.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellants.

The only question arising in this case is, Can the separate estate of a married woman be attached in an action upon a promissory note executed by her? All persons are capable of contracting except minors, persons of unsound mind, and persons deprived of civil rights. All property of the wife owned by her before marriage, and that acquired by gift, bequest, devise or descent is her separate property. (Rev. Stats., sec. 2495.) The separate property of the wife is not liable for the debts of her husband, but is liable for her own debts, contracted before or after marriage. (Rev. Stats., sec. 2504.) The note sued on in this action is several. It is therefore the separate promise by Ella A. Rowley, "for value received" and an express contract made by her. (*Orange Nat. Bank v. Traver,* 7 Saw. 216, 7 Fed. 146; *Deering v. Boyle,* 8 Kan. 356.) It will be seen by an examination of the constitution of Idaho that there is no provision therein touching the rights of married women. We must, therefore, look entirely to the statutes of this state for such law as we have, touching this question, together with the cases of *Bassett v. Beam,* ante, p. 107, 36 Pac. 501; *Cartan v. David,* 18 Nev. 310, 4 Pac. 61; *Bronson v. Kinzie,* 1 How. 311-315.

George W. Goode and C. J. Orland, for Respondent.

The complaint must show by its affirmative allegations, that the debt is such a one as would bring it within some rule creating a liability against a married woman. (*Flanders v. Abbey,* 14 Meyer's Fed. Dec. 170, 6 Biss. 16, Fed. Cas. No. 4,851; *Broome v. Taylor,* 76 N. Y. 565; *Canal Bank v. Partee,* 99 U. S. 325; *Buhler v. Jennings,* 49 Mich. 538, 14 N. W. 488.) Demurrer was the proper method of raising the question of the liability of the defendant, Ella A. Rowley. (*Rowe v. Kohle,* 4 Cal. 285; *Maclay v. Love,* 25 Cal. 367, 85 Am. Dec. 133, and note.) Under section 2504 the married woman's separate property is liable for her debts whether contracted before or after marriage; by the same section it is as clearly expressed, that her separate property is not liable for her husband's debts. The note of a husband and wife makes the wife but a surety. (*Telford v. Garrels,* 132 Ill. 550, 24 N. E. 574; *Keifer v. Carusi,* 7 D. C. 156; *State Sav. Bank v. Scott,* 10 Neb. 83, 4 N. W. 314; *Three Rivers Nat. Bank v. Gilchrist,* 83 Mich. 253, 47 N. W. 104; *Gosman v. Cruger,* 69 N. Y. 88, 25 Am. Rep. 141; 14 Am. & Eng. Ency. of Law, secs. 12, 15, pp. 621, 623.) A note is not such a conveyance as will convey or encumber the separate property of a married woman. (*Singluff v. Tindal,* 40 S. C. 504, 19 S. E. 137; *Merchants' etc. Assn. v. Jarvis,* 92 Ky. 566, 18 S. W. 454; *Chaffee v. Browne,* 109 Cal. 211, 41 Pac. 1028.)

This is an action brought by plaintiffs, February 23, 1895, against the defendants, upon a promissory note, in form substantially as follows:

"Moscow, October 4th, 1893.

"One year after date, without grace, for value received, I promise to pay to the order of Dernham & Kaufmann, at their office in Moscow, thirteen hundred and twenty-five dollars.

(Signed)     "CHARLES M. ROWLEY.
             "ELLA A. ROWLEY.
             "SAM YEAGER."

Ella A. Rowley was the wife of Charles M. Rowley, whose name before marriage was Ella Beals. On the twenty-third

day of February, 1895, attachment was issued in said cause, and levied upon the separate and individual property of the said Ella Rowley, owned by her before marriage. The complaint alleges that Charles M. Rowley and Ella A. are husband and wife, the execution of the note, that said note is due and unpaid, and prays for a several judgment against each of the defendants. Defendant Ella A. Rowley files her separate demurrer to the complaint, and on the ground that it does not state facts sufficient to constitute a cause of action against the said defendant Ella A., for the reason that she was at all times therein mentioned a married woman. The district court sustained the demurrer, and entered judgment that the complaint in said action, so far as the same relates to Ella A. Rowley, and all proceedings thereunder, including the attachment upon the separate property of the said Ella A., be dismissed, dissolved, and discharged, to which judgment plaintiffs excepted. From this judgment the said plaintiffs appealed to this court, and assigned the following errors: "The court erred in sustaining the demurrer of the said Ella A. Rowley, etc. The court erred in ordering the attachment herein levied upon the separate property of the defendant Ella A. Rowley dismissed and discharged."

MORGAN, C. J. (After Stating the Facts.)—The only question before this court in this case is, Can a creditor attach the separate property of a married woman upon a several promissory note executed by her without alleging and proving that the contract was made with reference to her separate property or for her personal benefit? The appellants contend that, under the statutes of Idaho, a married woman may during coverture make any contract that may be made by a *feme sole* or by a man of lawful age. Under the common law, the rights and privileges of a woman, so far as making contracts were concerned, were merged in the husband at marriage. Nearly all property rights were also subject to the control of the husband. The inquiry then arises, What changes have the statutes made in the rules of the common law?

Section 3220 of the Revised Statutes of Idaho provides: "All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights." That it was not intended by this section to confer upon married women the right to make any and all contracts that might be made by a *feme sole* is evident from the fact that the act with relation to the wife becoming a sole trader remains upon the statute book. By this act a method is provided for the wife to set up and carry on a business in her own name, and make all contracts with relation to the same in the same manner as a man may do. This act requires that she shall get the permission of the district court in order to enable her so to do, and forbids her to carry on such business in any county except where such judgment is recorded. It provides also that, when she has procured a decree for such purpose, "she thereafter has all the privileges, and is liable to all the legal processes, provided for debtors and creditors, and may sue and be sued alone." (Rev. Stats., sec. 5858.) All this would be unnecessary if she had power to make any and all contracts as fully as a *feme sole.* It will be further noticed that the sections relating to the wife in chapter 3 of title 2 of the Civil Code of Idaho are in the nature of a grant, an enlargement of the powers and rights of the wife with, of course, a corresponding enlargement of liabilities. Being statutes of this character, while we are directed and required to give a liberal construction to the statutes, with a view to effect their objects, and promote justice, yet we cannot carry them beyond their plain intent and meaning, and give to them an effect not intended by the legislature. With this guiding principle in view, we are prepared to see what has been granted to the wife and what are her liabilities. Section 2495 provides that "all property belonging to the wife before marriage and that acquired afterward, by gift, devise, bequest or descent, is her separate property." This is an enlargement of her rights. Section 2497 provides that "all other property acquired by either husband or wife, including the rents and profits of the separate property of each, is community property." Unless by the instrument by which such property is acquired by the wife it is provided that the rents and profits thereof be applied

to her sole and separate use, in which case the management and disposal of such rents and profits belong to the wife and are not liable for the debts of the husband." This is an enlargement of the rights and powers of the wife. The management and disposal of this property being saved to the wife exclusively, she may certainly make any contract with reference to such property, may pledge it for her own, or her husband's debts, or may convey it away if she so desires, but her intention to pledge or convey it away must in some manner clearly appear. Any restriction upon her right to contract with reference to this species of property would be a restriction upon that power of management and disposal which the statute has given her.

By section 2498, the husband has the management and control of all other separate property of the wife, but he cannot convey it away nor encumber it in any manner except by an instrument in writing signed by both husband and wife and acknowledged as directed by the statute. In this way the separate property of the wife may be pledged for the debts of the husband, but in no other way.

By section 2502 of the Revised Statutes it is provided that "the earnings and accumulations of the wife and of her minor children living with her or in her custody while she is living separate and apart from her husband are the separate property of the wife."

These accumulations being received by her and remaining necessarily in her possession, the management and control thereof must necessarily belong to her. Concerning this property, she may enter into contracts; any other view would render such property valueless to her. When living separate and apart from her husband the law gives her the right to dispose of her time and labor as she sees fit. Her earnings and accumulations thus acquired being granted to her as her separate property, such grant *"ex necessitate rei,"* must carry with it the right of disposal, and therefore the right to contract with reference thereto. Section 2504 provides "that the separate property of the wife shall not be liable for the debts of the husband, but shall be liable for the debts of the wife, contracted either before or after marriage."

It follows from this that the wife may contract debts for the use and benefit of her separate property, or for her own use and benefit, and thereby charge her property; but debts contracted by her husband for his own benefit, or for the use and benefit of the family of which he is the head, cannot expose the separate property of the wife to levy and sale, although the wife may voluntarily become a surety therefor. (*Bassett v. Beam,* ante, p. 107, 36 Pac. 501.)

From this exposition it will clearly appear that in order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint, and proven, that the debt was incurred for the use or benefit of her separate property, or was contracted by her for her own use and benefit. The judgment of the court below is affirmed, with costs to respondents.

Huston and Sullivan, *JJ.,* concur.