(February 4, 1908.)

## BOOTH MERCANTILE CO., a Corporation, Appellant, v. JULIA MURPHY et al., Respondents, and MARY GRIFFIN et al., Intervenors and Respondents.

[93 Pac. 777.]

MARRIED WOMAN—CONTRACT FOR HER OWN USE AND BENEFIT—CONTRACT CONCERNING HER SEPARATE PROPERTY—MARRIED WOMAN'S MORTGAGE—WHEN CERTIFICATE MAY BE CORRECTED—MORTGAGABLE INTEREST IN REAL PROPERTY.

1. Where a married woman purchases hotel furniture, furnishings and fixtures for conducting a hotel business, and executes her promissory note therefor, and at the same time executes a mortgage on her separate real property to secure the payment of such promissory note, the contract is one for her own use and benefit, and the mortgage constitutes a contract with reference to her separate property, and the debt and obligation thus incurred is enforceable against her and against her separate estate so mortgaged.

2. Where a certificate of acknowledgment was not made in compliance with the provisions of sec. 2960, Rev. Stat., prior to the amendment thereof, and it appears that the acknowledgment was in

fact taken in conformity with the substantial requirements of that provision of the statute, and the facts actually existed which would have enabled the notary to attach the proper certificate of acknowledgment, the court should decree the correction of such certificate so as to comply with the statute.

3. The facts in this case considered, and *held* sufficient to authorize and require a decree reforming the certificate of acknowledgment so as to make it conform with the requirements of the statute.

4. Where a deceased husband's estate is found upon return of the inventory to be of less value than $1,500, and the probate court thereafter duly and regularly makes an order and decree setting the entire estate aside for the use and support of the family of the deceased, in compliance with sec. 5445, Rev. Stat., and the widow thereafter mortgages all her interest in and to such estate; *held,* that the mortgage so executed covers whatever right, title or interest she has in or to the estate by right of succession as an heir of her deceased husband, and that the interest so granted and encumbered is commensurate only with her rights of succession, and that a purchaser under a foreclosure sale can only acquire such rights and privileges as she has by reason of being an heir to such estate.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District for the County of Bannock.    Hon. Alfred Budge, Judge.

Action by the plaintiff to foreclose a real estate mortgage. Judgment for the defendants.    Plaintiff appeals.    *Reversed.*

Dietrich & Clark, for Appellant.

The evidence in this case shows that the debt in question was created for the use and benefit of Mrs. Julia Murphy, and relative to her separate estate.    (*Northwestern etc. Hypotheek Bank v. Rauch*, 7 Ida. 152, 61 Pac. 152; *Sparks v. Taylor* (Tex. Civ. App.), 87 S. W. 740.)

When the acknowledgment or proof of execution of an instrument is properly made, but defectively certified, any party interested may have an action to correct the certificate. (Sec. 2971, Rev. Stat.)    This statute applies to acknowledgments made by married women, and the certificate may be reformed at the time the mortgage is foreclosed.    (*Bunnell*

& *Eno Inv. Co. v. Curtis,* 5 Ida. 652, 51 Pac. 767.) An acknowledgment is good if a substantial compliance with the statute is shown, a substantial compliance being all that is necessary. (*First Nat. Bank v. Glenn,* 10 Ida. 224, 109 Am. St. Rep. 204, 77 Pac. 623; *Banning v. Banning,* 80 Cal. 273, 13 Am. St. Rep. 156, 22 Pac. 210; *De Arnaz v. Escandon,* 59 Cal. 489; *Northwestern etc. Bank v. Rauch,* 5 Ida. 752, 51 Pac. 764; *Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. Rep. 256, 53 Pac. 211.)

"Any interest in real property which is capable of being transferred may be mortgaged." (Sec. 3375, Rev. Stat.; Am. & Eng. Ency. of Law, 915, 916.)

Jesse R. S. Budge, for Respondents and Intervenors.

There is no testimony, and none was offered at the trial, to show that this contract was made, or that the indebtedness evidenced thereby was incurred, for the separate use and benefit of Mrs. Murphy, or for the benefit of her separate estate, or with reference thereto. (*Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399.)

Any contract signed by a married woman, in the absence of a contrary showing, is presumed to be a community obligation, and it is necessary to allege in the complaint and prove at the trial that the debt is not a community debt, but is one for the use and benefit of the married woman, or one for the benefit of her separate estate. (*Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Holt v. Gridley,* 7 Ida. 416, 64 Pac. 188.)

The certificate being insufficient, the mortgage was invalid, and cannot be foreclosed. (*Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708.)

Mrs. Murphy had no interest in that property, except an interest in connection with her family, and then only for the purpose for which the property was decreed to them. It was not separate estate, so far as she was concerned, for the reason that she had no title under that decree, but was simply

decreed the ordinary use of the property for certain purposes. (*Rands v. Brain,* 5 Utah, 197, 14 Pac. 129; *Estate of Moore,* 57 Cal. 437; *Phelan v. Smith,* 100 Cal. 158, 34 Pac. 667.)

AILSHIE, C. J.—This action was instituted to foreclose a mortgage on certain real estate situated at Pocatello, Idaho. The note and mortgage were executed on May 29, 1903, at West Jordan, Salt Lake county, Utah, by the defendant, Mrs. Julia Murphy. The defendant, Mrs. Murphy, who was then residing in Utah, purchased from the plaintiff some furniture, fixtures and supplies for the purpose of running and conducting a hotel business, and executed the note and mortgage in question in payment of the purchase price. At the time of entering into this contract, Mrs. Murphy was the wife of Timothy Murphy. She had, however, previously been married to Michael D. Griffin. At the time of the death of Griffin, her first husband, they were living at Pocatello, in this state. An administration was thereafter had on the Griffin estate, and upon the return of the inventory it appeared that the estate was of less value than $1,500, and the court, after due notice, in pursuance of sec. 5445, Rev. Stat., proceeded to and did make an order in due and regular form setting aside the entire estate, including the real property covered by the mortgage in question, for the use and benefit of the widow and minor children. At that time the family consisted of the widow, Mrs. Griffin, and her seven minor children. The proceedings in setting aside this estate appear to have been regular and in conformity with the statute and are not questioned in this case. The widow Griffin thereafter married Murphy, and early in the year of 1903 they moved to Utah, where Murphy engaged in railroad work, while Mrs. Murphy conducted the hotel business. Mrs. Murphy and the minor children contested the foreclosure of this mortgage upon sundry grounds, and obtained a judgment in their favor, refusing the plaintiff any relief whatever either upon the promissory note or the mortgage executed as security therefor. The plaintiff has appealed and assigns numerous errors which

are argued in the brief under five general heads. In the first place, it is contended that the contract was a Utah contract and that under the statutes of that state (sec. 1199, Rev. Stat. of 1898) a married woman may contract in all respects as if she were a *feme sole*. Second, it is insisted that the finding of the court that the residence of Mrs. Murphy was in Idaho instead of in Utah is erroneous and contrary to the evidence. Third, that the evidence in the case shows clearly and without contradiction that the debt was contracted for the use and benefit of Mrs. Murphy and concerning her separate estate, and that the finding of the court that it was in fact not for her use or benefit or with reference to her separate estate is wholly unsupported by the evidence. Fourth, that the evidence shows that the mortgage was duly and properly acknowledged, and was entitled to be so certified, and that the finding of the court that it was not duly and properly acknowledged was contrary to the evidence and erroneous. Fifth, that Mrs. Murphy had a mortgagable interest in the property covered by the mortgage, and that the court erred in holding otherwise.

As we view this case, it is immaterial for the purpose of this decision whether the contract was a Utah or an Idaho contract, and it is likewise immaterial whether Mrs. Murphy was, as a matter of law, at the time of entering into the contract, domiciled in Utah or Idaho. The contract was her own debt, incurred for her use and benefit. She received the consideration therefor, the goods and merchandise for which the note and mortgage were executed. Not only that, but the purchase price was secured by a contract with direct reference to her separate estate, namely, a mortgage executed by her on her separate property. (*Bank of Commerce v. Baldwin, ante,* p. 75, 93 Pac. 504.) It has been uniformly held by this court that a married woman could bind her separate estate by a contract executed in this manner. (*Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 297; *Bank of Commerce v. Baldwin, supra.*)

The fact that the property purchased may have inured to the benefit of the whole family, or, rather, of the community, does not make it any less her own individual contract, nor does it do away with the fact that she received the goods for which the contract was made.   In a sense, it would be difficult to name a contract a married woman might make that would not in some respects inure to the benefit of the community, but that fact alone does not lessen her obligation thereon.   (*Edminston v. Smith,* 13 Ida. 645, 121 Am. St. Rep. 294, 92 Pac. 842.)   The acknowledgment to the mortgage is as follows:

"State of Utah,
   County of Salt Lake,—ss.

"On the fourth day of June, A. D. nineteen hundred and three, personally appeared before me, Mrs. Julia Murphy and the Booth Mercantile Co. (R. L. Booth, Gen. Manager.) The signers of the above instrument, who duly acknowledged to me that she executed the same.

"EUGENE P. WHEELON,
"Notary Public.
"My commission expires April 27, 1903."

This acknowledgment was taken prior to the amendment of sec. 2960, Rev. Stat., and is not in conformity with the requirements of that section, in that it does not show that the acknowledgment was taken without the hearing of the husband and that the woman was made acquainted with the contents of the instrument.   The plaintiff in its complaint alleged that the acknowledgment was duly and regularly taken, but that the certificate was imperfect and not in proper form, and prayed that the same be corrected and amended so as to comply with the statute.   There is no substantial conflict in the evidence as to what occurred at the time of the execution of this mortgage.   In substance it is as follows: After the deal had been made, the papers were drawn and were taken by one of the employees of the plaintiff company to Mrs. Murphy at her place of business, and she read them over and signed the note there and either signed the mortgage at that

time or later on in the office of the company. On this latter fact there is some uncertainty. At any rate, the notary went into the office where there were two or three persons present and read the mortgage to Mrs. Murphy and asked her if the signature was hers. She told him it was; that she knew the contents of the instrument, and that it was a mortgage on some property she had in Pocatello, and that it was given as security for the note she had just executed. She testified that she knew its contents and all about it and that she executed it. The husband was not present during any of these transactions, and was not present at the time the mortgage was executed and the acknowledgment taken. Now, it is true that the notary was not aware of the requirements of the Idaho statute with reference to acknowledgments of married women, and did not take this acknowledgment with any view to a compliance with the Idaho statute, and that evidently accounts for the certificate being in the form as above set out. It would be immaterial, however, whether he actually knew what the Idaho statute was or not, if the acknowledgment had been properly taken and he had attached a proper certificate. He failed, however, to attach a proper certificate, for the reason that he was not aware of the provisions of our statute. It does quite clearly appear to us, on the other hand, that the acknowledgment was taken in substantial compliance with our statute. The woman was made acquainted with the contents of the instrument; she already, in fact, knew its contents and the nature of the transaction; it was her transaction; it was taken in the absence of her husband and without any coercion or compulsion on his part. (*First Nat. Bank of Hailey v. Glenn,* 10 Ida. 224, 109 Am. St. Rep. 204, 77 Pac. 623.) It satisfactorily appears to us that the facts existed upon which the notary could have attached a proper certificate of acknowledgment. Where such facts already exist, and it is shown that the acknowledgment was proper, the certificate should be so reformed as to conform with the statute, and it was error to refuse a reformation of the acknowledgment so as to entitle the mortgage to be fore-

closed in this case. (Sec. 2971, Rev. Stat.; *Bunnell & Eno. Inv. Co. v. Curtis,* 5 Ida. 652, 51 Pac. 767.)

This brings us to the last question presented: Did Mrs. Murphy have a mortgagable interest in the property covered by the mortgage? As previously stated, this property had been set aside by a decree of the probate court for the use of the widow and her minor children. The interest the wife acquired under this decree is a separate and distinct interest from that which she had as an heir to the estate. By such a decree, the property was set aside as an entirety for the use of the family of the deceased as a whole. The wife could do no act that would relieve this property of its burden or free it from the obligation and purposes to which it was set aside until the children had reached their majority. This proposition is very clearly set forth in *Estate of Moore,* 57 Cal. 437, and in *Phelan v. Smith,* 100 Cal. 158, 34 Pac. 667. On the other hand, Mrs. Murphy had a vested interest in this estate which will or may at some time become available to her under the laws of succession, and by reason of her being an heir to her deceased husband's estate. There can be no question as to her right to alienate or encumber that interest. Such alienation or encumbrance is subject, however, to the superior and paramount right conferred by the decree of the probate court, and will confer no rights and grant no privileges that she did not possess herself by reason of being an heir to the estate, as distinguished from her duties as the widow and member of the family of her deceased husband and head of such family after the death of her husband. (*Phelan v. Smith, supra.*)

We are not called upon in this case to determine what rights the mortgagee may acquire in the mortgaged property by the foreclosure sale, or when, in the course of time, the purchaser at such sale may be able to realize or enjoy any of the fruits of, or benefits from, his purchase. We content ourselves by simply holding that Mrs. Murphy, as the heir of her deceased husband, acquired such a right in this property, under the law of succession, as she could alienate or encumber. For the foregoing reasons, the judgment must be

reversed, and it is so ordered and a new trial granted. The cause is remanded with costs in favor of the appellant.

Sullivan, J., and Stewart, J., concur.

## ON PETITION FOR REHEARING.

### (February 18, 1908.)

STEWART, J.—The respondent files a petition for a rehearing and contends, first, that the note sued on was not a contract for the use and benefit of Julia Murphy; second, that the mortgage was not a contract with reference to her separate estate. This court fully considered these questions in the principal opinion. We now add, that a contract made by a married woman, by which she secures property for which the contract is executed, is for her own use and benefit, and that such use and benefit is a fact resulting from the contract itself.

Where it appears, as it does in this case, that a married woman purchases property and receives such property, and executes a promissory note therefor, she is liable upon such note, and the contract is made for her own use and benefit, because she receives the consideration for which such note was made. It is not necessary that a party selling property to a married woman shall pursue the property after it is delivered to her, and ascertain whether or not the same ultimately results in a benefit to her personally, or proves a profitable investment. The fact of making the contract and receiving the consideration therefor is sufficient to create a liability on the part of a married woman, and she may be held personally liable on such contract. Second, the mortgage was executed by her, on property which it is admitted was her separate estate. That she may make such a contract and bind her separate estate would seem to be no longer in doubt in this state. (Authorities cited in principal opinion.)

Counsel for respondent in his petition for rehearing relies with much confidence upon the case of *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399. In that case, Pease and wife jointly executed a promissory note for the debt of the husband

and executed a mortgage upon community property as security therefor. Suit was brought upon said note, and for a foreclosure of the mortgage. The trial court held the mortgage void because of a defective acknowledgment, but rendered a personal judgment against Pease and wife. Mary A. Pease, the wife, appealed, and this court held that a personal judgment could not be sustained against her, for the reason that the debt was a debt of the husband. In that case the debt was not contracted by the wife, nor for her use or benefit, nor did she receive the consideration, nor with reference to her separate estate.

In the case at bar it clearly appears that the contract was made for the use and benefit of the wife and with reference to her own separate estate. It would seem that the case of *Jaeckel v. Pease* would be clearly distinguishable from the case at bar. In the principal opinion this court does not depart from the well-recognized rule which has been adopted in this state, that in order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint and proven on the trial that the debt was incurred for the use and benefit of her separate property, or was a contract by her for her own use and benefit. It is specifically alleged in the complaint in this case "that the note was given and the indebtedness of said Mrs. Julia Murphy evidenced thereby was incurred for the use and benefit of the separate property of said Mrs. Julia Murphy, and was contracted by her for her own use and benefit." The facts as proven upon the trial clearly show that this allegation was proven by the evidence; she made the contract personally, and received the goods for which the note was given; and executed the mortgage upon her own personal estate as security therefor. The note was executed for her own use and benefit, and was clearly such a contract as she had authority to make. The mortgage was upon her own separate property and with reference thereto, and she had power and authority to make and execute the same.

Counsel argues next that the mortgage was invalid, for the reason that it covered the separate property of a married

woman, and required that she and her husband both join in its execution, as provided, in sec. 2921, Rev. Stat. The estate Mrs. Murphy had in the property mortgaged was not a homestead as contemplated in sec. 2921, *supra*. The estate was one set aside for the benefit of the family and bestowed by the beneficence of the law. The interest, however, which Mrs. Murphy mortgaged was such interest as might come to her under the law of succession by reason of being an heir to her deceased husband. This interest, whatever it might be, is not a homestead, and the law does not require that her husband join her in the execution of the mortgage of the same.

The mortgage cannot in any way interfere with the rights of the family to occupy said property as a home. This is very clearly set forth in the principal opinion. No reason appearing for granting a rehearing, the same is denied.

Ailshie, C. J., and Sullivan, J., concur.