(November 9, 1909.)

ROBERT H. HALL, Appellant, v. MARGARET J. JOHNS et al., Respondents.

[105 Pac. 71.]

CONTRACTS MADE BY WIFE FOR HER OWN SEPARATE USE AND BENEFIT— LIABILITY OF COMMUNITY PROPERTY THEREFOR—POST-NUPTIAL DEBTS OF WIFE.

1. Under the common law the rights and privileges of married women, so far as making contracts were concerned, were merged in the husband at marriage.

2. The provisions of chap. 3, title 2, of the Rev. Codes, concerning the rights of married women, are in the nature of a grant or an enlargement of the powers of the wife to make contracts as such rights existed at the common law.

3. Under the provisions of the statutes of this state, the property of a husband and wife is divided into two classes, to wit, the separate property of each of the spouses and the community property.

4. The title to the community property is in the husband, and during the existence of the community, the wife's interest in the community property is a mere expectancy; his rights are active and hers are passive. But if he abandons his family or ceases to discharge his duties to them, the wife's passive rights in the com-

munity property then become active and she may make contracts, especially in regard to the support of herself and family, which are collectible out of the community property. *Edminston v. Smith*, 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871, cited with approval.

5. Under our statute it is the duty of the husband to maintain and support his wife and family. The wife is under no obligation to maintain the family out of her separate property except as provided by sec. 2688, Rev. Codes.

6. The community property is not bound for the payment of post-nuptial contracts of the wife made for the use and benefit of her own separate property.

7. Under the common law, the legal existence of the wife at the date of the marriage merged in that of her husband.

8. The statutes of this state empower the wife to bind her separate property by contracts entered into respecting the same or for her own use and benefit, and she has no power to burden the community property with such contracts.

9. The wife cannot either directly or indirectly make the community property liable for her debts which are contracts for the benefit of her separate property for own use and benefit.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action to compel the husband to pay out of the community property the debt of the wife contracted by her for her own use and benefit and for the benefit of her separate property. Judgment against plaintiff. *Affirmed.*

Morgan & Morgan, for Appellant.

The statute has modified the common law in so far as it renders the separate property of the wife liable for her debts and exempts the separate property of the husband. The liability of the husband, to the extent of the community property, still exists, for the reason that no statute has been enacted, in Idaho, exempting him from such liability. (Civil Code, secs. 2677, 2684, 2685; *Van Maren v. Johnson*, 15 Cal. 308; *Vlautin v. Bumpus*, 35 Cal. 214; *Patterson v. Frazer* (Tex. Civ. App.), 93 S. W. 146.)

One of the effects of the contract of a married man is to render his separate property and the community property

liable to be taken for a debt thereby created, and the wife, under such circumstances, is liable to the extent of the community property. It is for a like construction as to the effect of a wife's contract and for a like liability on the part of the husband that we contend. (*Deering v. Boyle*, 8 Kan. 525, 12 Am. Rep. 480.)

Forney & Moore, for Respondents.

Title to the community property is in the husband. During the existence of the community the wife's interest in the community property is a mere expectancy. (Rev. Codes, sec. 2686; Property Rights of Married Women, Platt, secs. 37, 38; *Van Maren v. Johnson*, 15 Cal. 308; *Packard v. Arellanes*, 17 Cal. 537; *Greiner v. Greiner*, 58 Cal. 119; *Directors v. Abila*, 106 Cal. 355, 39 Pac. 794; *Spreckels v. Spreckels*, 116 Cal. 346, 58 Am. St. 170, 48 Pac. 228, 36 L. R. A. 497; *Ray v. Ray*, 1 Ida. 566; *Wilson v. Wilson*, 6 Ida. 597, 57 Pac. 708; *Bedal v. Sake*, 10 Ida. 270, 77 Pac. 638, 66 L. R. A. 60.) The husband must maintain and support the wife and family. The wife is under no obligation to maintain the family out of her separate property except when the husband has no separate property and they no community property, and he from infirmity is not able or competent to support himself. (Rev. Codes, secs. 2674, 2685, 2688, 4479; *Edminston v. Smith*, 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871.)

A married woman cannot bind herself for a community debt unless the debt was contracted for her own use and benefit. (*Dernham & Kaufman v. Rowley*, 4 Ida. 753, 44 Pac. 643; *Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399; *Strode v. Miller*, 7 Ida. 16, 59 Pac. 893; *Holt v. Gridley*, 7 Ida. 416, 63 Pac. 188; *Bank v. Baldwin*, 12 Ida. 202, 85 Pac. 497.) The community property cannot be bound by the post-nuptial contracts of the wife, which bind her separate property. (Rev. Codes, sec. 2686; Ballinger on Community Property, sec. 116; Stewart on Husband and Wife, secs. 316, 317.)

SULLIVAN, C. J.—This action was brought to recover judgment for a sum of money which the plaintiff was com-

pelled to pay one William Hunter on three certain promissory notes which he signed as surety with the defendant Margaret J. Johns, the wife of the defendant Frank Johns, whereby she borrowed money from said Hunter for her own use and benefit and while the defendants were husband and wife. The plaintiff prays for judgment against both defendants, and, further, that the court direct that said judgment be satisfied out of the separate property of the defendant, Margaret J. Johns, and the community property of said husband and wife. Margaret J. Johns failed to appear or answer, and her default was entered. The defendant, Frank Johns, answered and denied his liability for the debts of his wife contracted after marriage, and demanded judgment against the plaintiff for his costs.

The case was tried by the court without a jury, and findings and judgment were made and entered against Margaret J. Johns for the full amount of said notes and interest, and judgment entered in favor of the defendant Frank Johns for his costs. From the judgment in favor of the latter the plaintiff has appealed.

The entering of judgment in favor of Frank Johns and in not directing the judgment entered to be satisfied out of the separate property of Margaret J. Johns and the community property of said Margaret J. and Frank Johns is assigned as error.

It is contended by counsel (1) that by the common law the husband was liable for any debt which his wife might legally contract, and, since that law constitutes the basis of our jurisprudence, rights and liabilities must be determined in accordance with its principles, except so far as they are modified by statute; (2) that the statute has modified the common law in so far as it renders the separate property of the wife liable for her debts and exempts the separate property of the husband from liability; (3) that the liability of the husband for the post-nuptial debts of the wife to the extent of the community property still exists, for the reason that no statute has been enacted in this state exempting it from such liability.

The first two contentions above mentioned are no doubt correct, but we cannot concur in the third. Under the common law the rights and privileges of a married woman, so far as making contracts were concerned, were merged in the husband at marriage. (*Dernham et al. v. Rowley,* 4 Ida. 753, 44 Pac. 643.) The provisions of chap. 3, title 2, of the Rev. Codes of Idaho, concerning the rights of married women, are in the nature of a grant or an enlargement of the powers of the wife, as such rights existed at the common law in regard to her right to make contracts and to her separate property. By the statutes of this state, the property of a husband and wife is divided into two classes, to wit, the separate property of each of the spouses, and the community property. (Rev. Codes, secs. 2676, 2679 and 2680.) The title to the community property is in the husband, and during the existence of the community, the wife's interest in the community property is a mere expectancy. During that period, the husband's rights in reference to such property are active and hers merely passive; but if he abandons his family or ceases to discharge his duties to them so far as supporting them is concerned, the wife's passive rights in the community then become active and she may make contracts in regard to the support and maintenance of the family, which are collectible out of the community property. However, the interest of the wife is so vested in her that the husband cannot deprive her of it by voluntary alienation for the mere purpose of divesting her of her claim to it. (Platt's Property Rights of Married Women, secs. 37, 38. See, also, *Van Maren v. Johnson,* 15 Cal. 308; *Packard v. Arellanes,* 17 Cal. 525; *Greiner v. Greiner,* 58 Cal. 115; *Directors v. Abila,* 106 Cal. 355, 39 Pac. 794, *Spreckels v. Spreckels,* 116 Cal. 339, 58 Am. St. 170, 48 Pac. 228, 36 L. R. A. 497; *Ray v. Ray,* 1 Ida. 566; *Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; *Bedal v. Sake,* 10 Ida. 270, 77 Pac. 638, 66 L. R. A. 60; *Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676.)

Sec. 2686, Rev. Codes, is as follows:

"The husband has the management and control of the community property, with the like absolute power of dis-

position (other than testamentary) as he has of his separate estate; but such power of disposition does not extend to the homestead or that part of the common property occupied or used by the husband and wife as a residence.''

Under our statute the husband must maintain and support the wife and family. The wife is under no obligation to maintain the family out of her separate property except when the husband has no separate property and they have no community property and the husband from infirmity is not able or competent to support himself. (Rev. Codes, secs. 2688, 2674, 2685, 4479; *Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871.)

The community property cannot be bound by post-nuptial contracts of the wife made for the use and benefit of her own separate property. (Rev. Codes, secs. 2686, 5713; Ballinger on Community Property, sec. 116.)

In this case it appears that the wife borrowed the money for the benefit of her own separate estate, without the knowledge and consent of her husband. It was held in *Franklin v. Foster,* 20 Mich. 75, that where a party who lends money to a wife known to him to be for her private use, and who, at the wife's request, conceals the fact of such lending from her husband, cannot maintain an action against her husband for the money loaned.

The only question for consideration in this case is whether under the laws of this state the community property is liable upon a contract made by the wife during coverture for her own use and benefit. Counsel for appellant contend that as by the common law the husband was liable for any debt which his wife might legally contract and the indebtedness involved being legal indebtedness of the wife, the community property is liable for the debt. Under the principles of the common law a married woman had no legal existence; her property became the property of her husband, and the right to contract, either generally or with reference to property, was merged in the husband. She had no separate, legal existence under the law; she had no consenting capacity; she was considered to be under the control of her husband. Of course, there were some exceptions to this rule. She was

allowed to contract when her husband was civilly dead or was an alien residing abroad, and on account of the husband's inability to contract for her, the law allowed her to make valid contracts. She could also contract for necessaries. In such cases she was not liable upon such contracts as an individual, but the law implied that she was the agent of her husband and contracted for him as such. The rights of the married woman to contract have been greatly enlarged by our statute, and her rights to contract are prescribed by the statute and not by the rules of the common law. The husband's liability at common law for the ante-nuptial debts of his wife was not wholly based on the ground that by virtue of his marriage he was entitled to the property owned by her at the date of the marriage, for under the law he was liable even if she did not bring him a shilling. He was liable on the ground that the legal existence of the woman was suspended during the marriage relation. Her legal existence at the date of her marriage merged in that of her husband, and practically all the legal rights she acquired, the duties she assumed and the disabilities she incurred depended upon the principle of the union of person in husband and wife, and, as stated by Blackstone, "If the wife be indebted before marriage, the husband is bound afterward to pay the debt, for he has adopted her and her circumstances together."

Sec. 2677 of the Rev. Codes gives the wife absolute control of her separate property. She may dispose of it and contract with reference to it in the same manner and to the same extent and with like effect as a *feme sole* or as a married man in relation to his own property, and that section also provides that the husband shall be bound by such contracts to no greater extent or effect than his wife, under similar circumstances, would be bound by his contracts. This really means that the husband is not bound at all, because neither the wife nor her property is bound at common law nor under the statute by the contract of the husband. The legislature only intended to empower the wife to bind her separate property by contracts entered into respecting the same or for her own use and benefit, and did not intend to permit the wife to burden that property which the law recog-

nizes as first liable for the support and maintenance of the family. The family relation is the highest relation known to the law. The wife is under no obligation whatever to support the husband, except when he has no separate property and there is no community property and he from infirmity is not able or competent to support himself. It follows, therefore, that the duty of maintaining and supporting the community resulting from the marriage devolves upon the husband, and to that end the statutes of Idaho have set apart a fund composed of property accumulated by the joint efforts of the husband and wife. Over this community property or fund the husband is given absolute control so long as he is competent to control it. The husband is the head of the family and is clothed with this authority over the community property to simplify and facilitate the management of its affairs. He only can create binding obligations against the community, and he only must settle and liquidate the debts out of the community property, if there be such property, except under the circumstances as heretofore stated. (*Edminston v. Smith, supra; Bank of Commerce v. Baldwin, supra.*)

In order to illustrate the case at bar, we will say the defendant Johns and his wife have accumulated a thousand dollars' worth of community property, and the wife, without his knowledge or consent, borrows a thousand dollars for her own use and benefit. When the note becomes due Mrs. Johns is unable to pay and the lender brings his action against Johns to recover the amount of the debt. If Johns were held liable to pay that debt, the entire community property might be swept away. The fund especially looked to to support the family would be taken to pay the wife's debt made by her without the knowledge or consent of her husband and for the benefit of her own separate estate. If the wife could thus make the community property directly liable for her debts, she could do indirectly what she could not do directly. She could not directly effect an alienation of the community property, for by the provisions of said sec. 2686, Rev. Codes, the husband has the management and control of the com-

munity property with the like power of absolute disposition, other than testamentary, as he has of his own separate estate.

To hold that the wife could thus dispose of the community property would be nullifying the provisions of said statute, and the wife would have the absolute power of disposition as well as the husband.

From the foregoing, we conclude that the community property is not subject to the payment of said indebtedness, and for that reason the judgment of the trial court must be sustained, and it is so ordered. Costs are awarded to respondent.

Stewart and Ailshie, JJ., concur.