Respondents move to dismiss this appeal because one of the sureties on the appeal bond was at the time and is now concededly a married woman. The bond does not recite that it was given for her own use and benefit or for the use and benefit of or in connection with her separate property, but in opposition to the motion to dismiss, appellant presents her affidavit confirming that she is a married woman, asserting that she is a resident and freeholder of Canyon county, worth the amount of the undertaking, and further states:
". . . . Lewis Craig, also a signer of said bond, is a son of the affiant by a previous marriage, and that the affiant signed said bond and executed the same, and became a surety for her said son, Lewis Craig, at her own request and for her own use and benefit, and at that time intended, and still does so intend, that her own sole and separate property should, and shall, be fully bound thereby; and that affiant freely and voluntarily entered into said suretyship contract for her said son, Lewis Craig, because and for the reason that in the judgment of affiant it was for her own use and *Page 181 
benefit so to do and that by so doing she thereby intended to, and did, obligate her separate property to the extent of the liability as set forth and specified in said appeal bond."
Both appellants and amicus curiae urge that our previous holdings, culminating in Beckstead v. Gee, 58 Idaho 758,79 P.2d 293, that a bond signed by a married woman not for her use or benefit or in connection with her sole and separate estate, are unconstitutional, denying married women freedom of contract, equal protection of the law, etc.
Rights guaranteed by our Constitution are those specifically enumerated therein or which existed at common law or by statute at the time our Constitution was adopted. (Vol. 1, Constitutional Debates, 230, 231, 257; Christensen v.Hollingsworth, 6 Idaho 87, 53 P. 211, 96 Am. St. 256; Shieldsv. Johnson, 10 Idaho 476, 79 P. 391, 3 Ann. Cas. 245; Neil v.Public Utilities Com., 32 Idaho 44, 178 P. 271; State v.Jutila, 34 Idaho 595, 202 P. 566; People v. Burnham, 35 Idaho 522,207 P. 589; Brady v. Place, 41 Idaho 747, 242 P. 314,243 P. 654; Morton v. Morton Realty Co., 41 Idaho 729,241 Pac. 1014; State v. Miles, 43 Idaho 46, 248 P. 442; Johnson v.Nichels, 48 Idaho 654, 284 P. 840; art. 21, sec. 2, Idaho Constitution.) The Constitution gave a married woman no rights in addition to those she had at the time of its adoption. (Minor v. Happersett, 21 Wall. 162, 22 L. ed. 627; UnitedStates v. Morris, 125 Fed. 322, 325; United States v.Cruikshank, 92 U.S. 542, 23 L. ed. 588; McPherson v. Blacker,146 U.S. 1, 13 Sup. Ct. 3, 36 L. ed. 869; Mobile Ohio R. R.Co. v. State of Tennessee, 153 U.S. 486, 14 Sup. Ct. 968,38 L.ed. 793; Maxwell v. Dow, 176 U.S. 581, 20 Sup. Ct. 448,44 L. ed. 597; Kepner v. United States, 195 U.S. 100,24 Sup. Ct. 797, 49 L. ed. 114, 1 Ann. Cas. 655.)
At common law a married woman had no right to contract generally. (Bank of Commerce, Ltd., v. Baldwin, 12 Idaho 202,85 Pac. 497; Bank of Commerce, Ltd., v. Baldwin, 14 Idaho 75,93 Pac. 504, 17 L.R.A., N.S., 676; Hall v. Johns, 17 Idaho 224,105 P. 71; Overland National Bank v. Halveston, 33 Idaho 489,196 P. 217.)
Tracing the delimitation or enlargement of the rights of a married woman in this respect through our decisions: *Page 182 Bassett v. Beam, 4 Idaho 106, 36 P. 501, held that under chapter 3, title 2, 1887 Revised Statutes, a married woman could contract to have a building and other improvements erected on her separate property. Darnham Kaufmann v. Rowley,4 Idaho 753, 44 P. 643, considering whether a creditor could attach the separate property of a married woman upon a promissory note executed by her, her husband and another party, without alleging and proving that the contract was made with respect to her separate property or for her special benefit, the court said:
". . . . Under the common law, the rights and privileges of a woman, so far as making contracts were concerned, were merged in the husband at marriage. Nearly all property rights were also subject to the control of the husband. The inquiry then arises, What changes have the statutes made in the rules of the common law?"
And after considering the sections of chapter 3, title 2 of Revised Statutes of 1887 concluded:
". . . . That in order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint, and proven, that the debt was incurred for the use or benefit of her separate property, or was contracted by her for her own use and benefit."
The same thought is expressed and followed in Jaeckel v.Pease, 6 Idaho 131, 53 P. 399, and substantially in Holt v.Gridley, 7 Idaho 416, 420, 63 P. 188:
". . . . Where it is sought to make the separate property of a married woman liable for debt, it must be alleged and proved that the debt is her own, or made on behalf of her separate property. The wife is not personally liable for the debts of her husband, and neither is her separate property."
The above cases were all decided prior to 1903 when sec.31-904, I. C. A., was passed (S. B. No. 135, S. L. 1903, p. 345). The first case following the 1903 amendment involving the right of a married woman to contract and her liability in connection therewith was Bank of Commerce v. Baldwin, (1906)12 Idaho 202, 83 P. 497, wherein a married woman and her husband had admittedly signed a promissory note, payment *Page 183 
of which she resisted because it did not in any way effect her separate property and was not made for her special benefit or for the use and benefit of her separate estate. The court considering chapter 3, title 2 of Revised Statutes and the 1903 amendment thereof, supra, overruled McDonald v. Rozen, 8 Idaho 352,69 P. 125, which had held prior to the 1903 amendment that unless a married woman was a sole trader under sections 5850 to 5860, Revised Statutes of 1887, she could not sue and recover damages to her separate property and holding that sec.31-904, I. C. A., obviated the necessity of sections 5850-5860, 1887 Revised Statutes, supra, foreshadowing their repeal in 1917, Session Laws, chapter 158, page 483, saying with reference to her right of contract:
". . . . Prior to the amendment (1903) the husband was entitled to the custody, control and management of his wife's separate property, but now she is entitled to its custody and control and may sell and dispose of it without consulting him. She may also make any contracts she pleases with reference thereto. In all other respects the law of this state remains the same with reference to her contracts as it was when the above-cited cases were decided by this court. It should be borne in mind that all our legislation with reference to contracts, powers and liabilities of married women must be viewed and construed as grants instead of restriction of power and authority to contract."
Upon a second presentation Bank of Commerce v. Baldwin,14 Idaho 75, 93 P. 504, 17 L.R.A., N.S., 676, the court again reviewed the prior decisions of this court above set forth, the common-law rights of married women, and after an exhaustive analysis of the entire subject, reiterated that a married woman may not make a binding contract unless "it is for her own use and benefit or for the use or benefit of her separate estate or in connection with the control or management thereof, or in carrying on or conducting business therewith, or creates a lien or incumbrance on her separate estate or some portion thereof". (There are what might be considered exceptions, not involved herein. Sec. 31-901, I. C. A.: Edminston v. Smith, 13 Idaho 645,92 P. 842, 121 Am. St. 294, 14 L.R.A., N.S., 871; Hall v.Johns, supra; Sussaman v. Root, 37 Idaho 588, 218 P. 374.) *Page 184 
From an examination of the above authorities it is apparent that the rights of married women as guaranteed by the Constitution were rights of married women existing at the time of its adoption and such were no greater than those held in theBank of Commerce v. Baldwin cases, supra, and Boise Assn. ofCredit Men v. Glenns Ferry Meat Co., 48 Idaho 600,283 Pac. 1038, to be accorded her by sec. 31-901, I. C. A.
The avowed and construed spirit and purpose of the statutes are clearly for the protection of a married woman's separate property, otherwise leaving her entirely free to deal with her separate property and estate as she sees fit; thus her constitutional rights have not been infringed, because certainly it is for her protection that she may not involve or make her separate property liable unless the contract is for her sole use and benefit or made in connection with or for the benefit of her separate property or incumbering the same.
The showing in Beckstead v. Gee, supra, was insufficient, and likewise herein, because the affidavit does not state facts showing the appeal bond was for her sole use and benefit or for the benefit of or in connection with her separate property, only that it was her intention that it should be and that it was her judgment that it was. Such statements of intention, opinion or judgment in connection with the giving of an appeal bond are mere conclusions of affiant, not facts upon which certain liability binding her separate property may be predicated. (Meier Frank Co. v. Bruce, 30 Idaho 732,168 Pac. 5; Pacific Acceptance Corp. v. Myers, 49 Idaho 585,290 Pac. 404.) If by signing the appeal bond her separate property is not bound, no property is bound. (Hall v. Johns, supra; Kohnyv. Dunbar, 21 Idaho 258, 121 P. 544, Ann. Cas. 1913D, 492, 39 L.R.A., N.S., 1107.)
"The affidavit of relator alleges that he is a party beneficially interested in the Jennie S. Frankfort estate, but this allegation does not aid us. It is but a legal conclusion; in order to be availing, the facts from which the conclusion may be drawn must appear in the application for the writ.State ex rel. Examining etc. Board v. Jackson, 58 Mont. 90,190 Pac. 295." (State v. District Court, 93 Mont. 439, 19 Pac. *Page 185 
(2d) 220, 221; People v. Thompson, 5 Cal.App. (2d) 655,43 P.2d 600; State v. Vines, 49 Wyo. 212, 54 P.2d 826,829; Pearson v. Superior Court, 122 Cal.App. 571,10 P.2d 489; Courtney v. Gordon, 74 Mont.408, 241 P. 233; 2 C. J. 350, sec. 76; 2 C. J .S. 952, sec. 16.)
The following affidavit in a somewhat similar situation, though stronger and more positive in terms than the assertions herein and though admitted in evidence, was questioned and considered to state conclusions rather than facts:
"That the said action is for divorce and does not affect any real property or estate right or interest therein in Washoe County." (In re Wilson's Estate, 56 Nev. 500,56 P.2d 1207, 1209.)
In Overland National Bank v. Halveston, supra, the holding of liability was not sustained on the mere fact that therein a married woman signed a note to pay her son's overdraft, but was especially predicated on the holding by the trial court that the indebtedness was "contracted for her own use and benefit or for the use of her separate estate." (See Booth Mercantile Co.v. Murphy, 14 Idaho 212, 93 P. 777.)
The showing herein being insufficient the bond is fatally defective and void and the appeal is dismissed.
Costs to respondents.
Ailshie, C.J., and Budge, Morgan and Holden, JJ., concur.